# Halteman v. Grogan.

(Decided February 14, 1930.)

CROSSLAND & CROSSLAND for appellant.

BEN .S. ADAMS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellee, H. L. Grogan, was a candidate at the August, 1929, primary election for the Democratic nomination for magistrate from the Fourth magisterial district in McCracken county. Joe E. Mattison also filed a notification and declaration, as required by section 1550-6, Kentucky Statutes, and requested the clerk to place his name on the ballot as a candidate for the Democratic nomination for magistrate from the Fourth magisterial district. Grogan failed to file the verified written preprimary statement showing the sums of money received and disbursed by him as a candidate before the primary, required by section 1565b-4, Kentucky Statutes. In the primary election Mattison received 585 votes and Grogan 515 votes, and Mattison was awarded the certificate of nomination.

Within the time required by law Grogan filed a petition contesting the nomination of Mattison, who filed a counter contest, and on the trial of the case it developed that Mattison was not a resident of the Fourth magisterial district, but resided in the Third magisterial district and had registered there as a Republican. The trial court adjudged that Mattison was ineligible to become the nominee of the Democratic party for the office and ordered that the certificate of nomination theretofore issued to him be canceled. It further adjudged that Grogan, by reason of his failure to file the preprimary statement of expense, as required by section 1565b-4, had forfeited any claim to such nomination, and his petition for certification as the duly elected nominee was refused.

On September 21, 1929, the McCracken county Democratic committee met, and, pursuant to section 1550-5, provided for filling the vacancy, and selected H. L. Grogan as the Democratic nominee for the office of magistrate in the Fourth magisterial district in McCracken county. The certificate of nomination was signed by the chairman and secretary of the governing authority of the party and filed with the county clerk, and Grogan's name was printed on the official ballots at the election held on November 5, 1929.

On November 1, 1929, appellant, T. C. Halteman, announced as an Independent candidate for the office and requested his friends to write his name on the ballots and vote for him. Seventy-four voters wrote his name on the ballots and voted for him. Grogan received 868 votes, and was awarded the certificate of election. Halteman brought this contest proceeding in which he seeks to have the certificate of election awarded to Grogan declared null and void on the ground that Grogan had been defeated at the primary for the nomination for magistrate and was therefore ineligible to run for that office at the general election, and that consequently all votes cast for him were illegal and void. The contestant further seeks to have the certificate of election awarded to him, since, as he alleges, he was the only candidate to receive any legal votes. The trial court entered a judgment dismissing his petition and he has appealed.

Section 1550-6, Kentucky Statutes, provides that:

"No applicant or candidate for any public office in the state of Kentucky who shall have filed his application or declaration under said section and who

shall have been defeated for the nomination for any office thereunder, shall be eligible or permitted to run for the same office for which he was a candidate under said section at any general election in this state to be held during the same year in which his said application and declaration was so filed and in which he was a candidate in any primary election under said act.''

Grogan was not defeated for the nomination in the sense that that term is used in the above-quoted provision of section 1550-6. This provision was primarily intended to prohibit a candidate, who had filed his application or declaration under that section and who had received fewer votes than another candidate, from becoming a candidate at the general election against a candidate who had defeated him in the primary election. Grogan was not defeated by Mattison in the primary election, since Mattison was ineligible to become a candidate for the Democratic nomination for the office and all votes received by him were void. Grogan was refused a certificate of nomination because he had failed to file the required preprimary expense statement. If that question had not been raised in a contest proceeding, his nomination would have been valid and could not have been attacked thereafter. Hardin v. Horn, 184 Ky. 548, 212 S. W. 573. It would probably be a wise provision to prohibit a candidate, who had been adjudged guilty of a violation of the Corrupt Practice Act (Ky. Stats., Sec. 1565b-1 et seq.), in any manner, from becoming a candidate in the general election, but the Legislature has not seen fit to extend such prohibition to a candidate other than one who has been defeated in a primary. It has merely prohibited one who has been a candidate in the primary from becoming a candidate in the general election against the successful candidate in the primary. If the candidate in the primary, who is awarded the certificate of nomination, dies before the ballots for the general election are printed, a vacancy is created which the statute authorizes the governing authority of the party to fill. Could it be successfully argued that one who had been a candidate in the primary would be ineligible to fill the vacancy? Certainly not.

It is suggested that no vacancy existed such as to authorize the governing authority of the party to provide for filling it. Section 1550-5, Kentucky Statutes, pro-

vides that the governing authority of the party may provide for filling a vacancy which occurs after any nomination by death or otherwise. It was clearly the intention of the Legislature that the governing authority of any political party could nominate a candidate for any office for which there had been candidates for nomination in the primary, although it might develop after the primary that none of the candidates, for some reason, was entitled to a certificate of nomination. In such an event a vacancy exists which authorizes the governing authority of the party to name the nominee.

In Lewis v. Mosely, 215 Ky. 573, 286 S. W. 793, the successful candidate at a primary election failed to file a certificate of nomination within the time required by Kentucky Statutes, Sec. 1456, and it was held that a vacancy was thereby created that could be filled by the party committee under section 1550-5, and it was further held that the committee could nominate the derelict candidate. In Brandenburg v. Bradley (Ky.) 283 S. W. 1059, which was before a member of the court upon the motion of the plaintiffs for a mandatory injunction requiring the county clerk to place their names upon the official ballots for the regular November election as the Democratic nominees for various county officers, and in which all members of the court sat upon a hearing of the motion, a similar construction was given to section 1550-5 of the Statutes.

Here Grogan was the only eligible candidate for the nomination in the primary, and, but for the counter contest proceeding instituted by Mattison, he would have been entitled to the certificate of nomination which would have been valid. A vacancy did not occur until the court adjudged in the contest proceeding that he was not entitled to the certificate of nomination. Thereupon the governing authority of the party was authorized under the provisions of section 1550-5 to fill the vacancy, and, there being no statute prohibiting the nomination of one who had been a candidate in the primary election, and who had failed to file a preprimary expense statement, the nomination of Grogan was valid, and, as he received the majority of the votes cast at the general election, the trial court properly adjudged that he was duly elected. Judgment affirmed.