## Ruby v. Smothers, Clerk.

(Decided Oct. 12, 1937.)

F. DOUGLAS CURRY and ERROL W. DRAFFEN for appellant. POLIN & POLIN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On June 25, 1937, Edwin Crouch filed with J. M. Smothers, county court clerk of Washington county, his notification and declaration in conformity with requirements of the statute as a candidate for the republican nomination for the office of county court clerk of Washington county at the following August primary election.

On the 8th day of July, 1937, at 10 p. m. he filed with the county clerk his withdrawal as a candidate for such nomination and directed the clerk not to have his name placed upon the ballot in the August primary. His withdrawal was properly executed and was acknowledged before a notary public. On July 31, 1937, the republican committee of Washington county met and by majority vote elected Birchell Ruby to fill the vacancy, which the committee conceived to be caused by the withdrawal of Crouch as candidate for the republican nomination for the office of county court clerk, and issued to him a certificate certifying such action upon the part of the committee, which was signed by its chairman and secretary.

On August 26, 1937, Birchell Ruby instituted this action against J. M. Smothers, clerk of the Washington county court, and alleged that the withdrawal of Crouch was filed on Friday July 9, 1937, about 5 p. m. and within 30 days prior to the primary and that, being unopposed, Crouch at the time was entitled to the nomination as candidate for the office and to a certificate so certifying; that upon receipt of the certificate of nomination from the republican county committee he offered to file same with the county court clerk in the manner provided by law but that the latter refused to accept the papers for filing and refused to place plaintiff's name on the ballot as the duly and regularly nominated candidate of the republican party for the office indicated. He further alleged that no notice was given to the republican executive committee or the chairman or secretary thereof of the withdrawal of Crouch and he prayed for a writ of mandamus requiring the defendant to receive and accept the certificate of nomination and to place the name of plaintiff on the official ballot as a candidate for county court clerk at the November election.

Upon motion of defendant, plaintiff was required to and did file a certified copy of the notification and declaration of Edwin Crouch, his withdrawal, and the certificate issued to him by the republican executive committee of Washington county, certifying his nomination as the candidate of the republican party for the office of county court clerk, and it was shown by indorsement of the clerk thereon that the withdrawal of Crouch was filed on July 8, 1937, at 10 p. m.

Thereafter plaintiff filed an amended petition in which he withdrew the allegation that the withdrawal of

Crouch was filed on Friday, July 9, 1937, at about 5 p. m. and within 30 days prior to the date of the primary and alleged that Crouch filed his declaration as above set out and was generally accepted and treated as the candidate of the republican party for the office of county clerk and it was generally understood by the governing authorities of the party and its members that he would be its candidate and no other candidate would file for that office; that the time for filing declarations of nomination by candidates for various county offices expired at midnight on July 8, 1937; that Crouch on July 8 at 10 p. m. either visited the county court clerk's office or went to defendant's home and delivered to the latter his withdrawal; that the office of county court clerk of Washington county was generally closed about 5:30 or 6 p. m. and not open for business until the following morning; that if the withdrawal papers of Crouch were filed with defendant, they were filed at a time when the office was not generally open for business and if they were turned over and delivered to defendant at his home, such delivery did not constitute a filing in the county court clerk's office; that until the time he filed the withdrawal papers Crouch held himself out as a candidate and openly declared his intention of making the race and at no time stated or declared his intention or made known to the chairman or secretary or any members of the county executive committee his intention to withdraw; that they had no knowledge of any such intention on his part and that the filing of the withdrawal was not effective until knowledge came to the governing authorities and members of the republican party.

The court sustained a demurrer to the petition as amended and thereupon plaintiff filed a second amended petition alleging in substance that Crouch is a cousin of defendant and, without knowledge of any members of the republican party, the defendant procured Crouch to announce for county clerk on the republican ticket supposedly in opposition to him and that while holding the office he conspired with Crouch by fraud and collusion to deprive the republican party of a candidate at the general election in that it was arranged that Crouch should announce his candidacy and at the time when it would be impossible for any member of the republican party to determine the fact or to announce as a candidate for such office to withdraw his declaration for the

nomination and leave the party without a nominee; that, by reason of the fraud of defendant, plaintiff is deprived of its right to have a candidate for the county court clerk and to his name on the ballot of the republican party; that he had no redress or adequate remedy at law unless the court required the clerk to accept the certificate of nomination and place his name on the ballot; and that he and his party would suffer irreparable injury. He prayed as in his original petition.

A demurrer to the petition as thus amended was sustained and plaintiff declined to further plead. It was adjudged that his petition be dismissed and he is appealing.

It is first argued in effect by counsel for appellant that the entire transaction as set out in the petition was fraudulent from the beginning and was instigated by appellee to avoid opposition and defeat the rights of the public and that he should not be allowed to profit by his fraud.

However reprehensible the alleged conduct may have been, Crouch did nothing more than he was authorized under the law to do and even though all the allegations of the petition be admitted, as they must be on demurrer, they did not constitute actionable fraud or entitle appellant to the remedy sought. No authorities are cited as supporting this first contention and in fact none can be found.

It is next argued that a withdrawal after the clerk's office had been closed for the night, whether filed outside of the office or when the office had been open to receive and file the papers, is not a filing within the meaning of the law, and in support of this contention counsel cite an excerpt from 9 R. C. L., p. 1090, which reads:

"It has been stated that the word day in the statutes means lawful office hours of the person designated to receive certificates, but if he remains after hours and keeps his office open, though the statute may limit his office hours, it is his duty to receive and file a certificate which may be presented to him, at such time."

But just above this excerpt the general rule is stated thus:

"Under the usual rule as to the computation of time, a certificate of nomination is on time, if it is

filed at any time up to midnight of the last day of the specified number."

The same of course applies to filing of withdrawals.

Finally it is argued that it was necessary that the withdrawal of Crouch be communicated to the executive committee of the republican party before it became effective or complete, and Elswick v. Ratliff, 166 Ky. 149, 179 S. W. 11 is cited. Our primary election laws, Kentucky Statutes, section 1550-1c et seq., provide that each and every political party as therein defined (appellee's party being included within the definition) shall nominate all of its candidates for elective offices to be voted for in general elections by primary held in accordance with the provisions of the act, but it is provided, however, that, if a vacancy occurs after such nomination, by death or otherwise, then in that event the governing authorities of the party may provide for filling the vacancy and the making of such nomination and, when so made, the certificate of nomination shall be signed by the chairman and secretary of the governing authorities of the party making same and shall be filed in the same manner as certificates of nomination at primary elections. The case cited by counsel refers to a vacancy occurring after a nomination had been made and does not support appellant's contention, since in this instance there had been no nomination because the candidate withdrew before the primary and even before the time for his name to be placed upon the primary ballot.

It follows therefore that there was no vacancy for the governing authorities of the party to fill. Reference is made to that part of the form for notification and declaration reading "will accept the nomination and not withdraw" but, whatever may be the effect of that part of the declaration, it refers to withdrawal after nomination.

It is our conclusion that the petition as amended fails to state a cause of action and the court therefore properly overruled the demurrer and dismissed the petition upon failure to further plead.

Judgment affirmed.