# STATE EX REL. ROGERS v. HUNT, SECRETARY OF STATE

(No. 2098; July 27, 1938; 81 Pac. (2d) 883)

268

For the relator there was a brief by *W. O. Wilson, A. D. Walton, Ewing T. Kerr, M. S. Reynolds* and *C. M. Watts,* all of Cheyenne, Wyoming, and oral argument by *Mr. Kerr.*

For the defendant, there was a brief by *Ray E. Lee,* Attorney General; *Thomas F. Shea,* Deputy Attorney General; and *William C. Snow,* Assistant Attorney General, all of Cheyenne, and oral argument by *Mr. Shea.*

Heard before KIMBALL, Justice, HARRY P. ILSLEY, District Judge, and SAM M. THOMPSON, District Judge.

KIMBALL, Justice.

This is an action for mandamus to require the defendant, secretary of state, to permit the relator to withdraw as a candidate for nomination for the office of secretary of state in the republican primary election to be held on August 16, next.

The relator, on June 21, 1938, in conformity with sections 36-603 and 36-605, R. S. 1931, filed in the office of defendant his petition requesting that his name be printed on the official republican ballots at the primary election as a candidate for nomination for the mentioned office. On July 18, before the expiration of the time for filing such petitions, relator signed and caused to be presented to the defendant's deputy this request, addressed to defendant:

"Please withdraw my filing as a candidate for secretary of state for the State of Wyoming, previously filed with your office, as I do not wish to continue as a candidate for that office."

The deputy refused to act on the request, and the defendant has persisted in refusing to recognize relator's right to resign or withdraw as a primary candidate for the office.

On July 20, this action for mandamus was commenced. The petition alleges the facts substantially as

set forth above. On the filing of the petition (the parties realizing the importance of an early decision), it was agreed that an alternative writ need not be issued, and that the right to a peremptory writ should be determined after a hearing on July 26. Before the hearing, an answer and reply were filed. These pleadings contain many allegations of facts which we think are irrelevant and need not be noticed in this opinion. There is some disagreement as to the conversation in the defendant's office on July 18, but this conflict raises an immaterial issue, as it is not contended that anything was said to qualify the writing signed by relator and presented at that time as his resignation or withdrawal.

The main question is whether the relator, having previously made the filing necessary to make him a primary candidate, had the right, on July 18, to resign or withdraw. It seems that the right is given clear recognition by section 36-630 which declares:

"Should any vacancy occur or exist in any of the offices or positions for which nominations are made under this article, by reason of resignation, death or other cause, where there is only one or no aspirant for such office or position, such vacancy may be filled not later than ten days before the date of the primary election, by the regularly constituted committee of the party to which such vacancy belongs, and no petition shall be required."

This section was before the legislature twice; first, in 1911 as section 35 of the original primary election law (Laws 1911, ch. 23) and again in 1929 when it was amended (Laws 1929, ch. 115) to read as it now appears in the revision of 1931. In 1928, before the amendment, Attorney-General William O. Wilson, citing the section (then § 2517, C. S. 1920), gave an official opinion that "a candidate for nomination at a primary election may withdraw prior to the time of

such primary election." O. Atty. Gen. 1927-1928, pp. 192, 193. We have not been cited to any decision holding that a candidate may not withdraw when the statute contains a provision for filling a vacancy caused by withdrawal. We should not expect to find such a decision. The statute could not be effective unless the right to create a vacancy by withdrawal is recognized. In Brown v. Potteck, 107 Kan. 737, 193 Pac. 359, relied on by defendant, there is a strong intimation that the case would have been decided differently if the law had provided a method for filling vacancies. See, also, State ex rel. Donnelley v. Hamilton, 33 Nev. 418, 111 Pac. 1026.

Other cases support the view that in the absence of statutory regulation or prohibition a candidate has a natural right to withdraw, if his application be made in time to enable the officials to have the necessary alterations put in effect. Bordwell v. Williams, 173 Cal. 283, 159 Pac. 869, L. R. A. 1917A, 996, Ann. Cas. 1918E, 358; Elswick v. Ratliff, 166 Ky. 149, 179 S. W. 11.

We hold that the relator, on July 18, had the right which he undertook to exercise by the writing presented on that day.

It is contended that the writing was insufficient because the relator thereby requested the defendant to "withdraw" his "filing as a candidate," and because there was no specific request that relator's name be omitted from the certified list of candidates to be transmitted by defendant to the county clerks, as provided by section 36-607. This contention hardly deserves serious consideration. There can be no doubt that the writing was sufficient to inform defendant that relator was withdrawing as a primary candidate for the office. When relator withdrew, the omission of his name from the certified list of candidates should have followed as a matter of course.

It is argued that defendant was bound to obey section 36-607 which provides that at least 25 days before the primary election, the secretary of state shall transmit to the county clerks a certified list containing among other things the name "of each person who has filed in his office such nominating petition." This section assumes, of course, that the nominating petition has not been canceled by withdrawal, as contemplated by section 36-630, supra.

It is also argued that a change in the list of candidates at this time, about 20 days before the primary election, will cause delay and confusion in the printing and distribution of ballots. We think this is a matter for the legislature to consider in fixing the time for nominations and for filling of vacancies. In enacting section 36-630 it evidently was thought that the possibility of delay and confusion would not prevent the filling of vacancies ten days before the primary. Under other statutes, vacancies can be filled even after the printing of the ballots. See §§ 36-516 to 36-522.

We think the relator, on July 18, had a clear, legal right to withdraw, which he attempted to exercise by presenting the writing announcing his purpose. It then became the ministerial duty of defendant to do those acts which would make the withdrawal effective. Mandamus seems to be the only remedy available, and relator is entitled to a peremptory writ. Defendant having signified his willingness to comply with our order, the writ need not be actually issued or served.

Peremptory writ allowed.

ILSLEY and THOMPSON, District Judges, concur.