O'NEAL v. STATE ELECTION
BOARD et al.
Application of DEMOCRATIC STATE
CENTRAL COMMITTEE.

Nos. 33733, 33663.   Aug. 16, 1948.

Rehearing Denied Sept. 14, 1948.

*197 P. 2d 273.*

Ned Looney, Herbert K. Hyde, and Lee Williams, all of Oklahoma City, L. M. Gensman, of Lawton, and Looney, Watts, Ross, Looney & Smith, of Oklahoma City, for appellant and petitioner.

Mac Q. Williamson, Atty. Gen., Fred Hansen, Asst. Atty. Gen., and Thomas A. Edwards, of Cordell, Oris L. Barney, of Anadarko, Jno. B. Wilson, of Frederick, and Percy Hughes, of Hobart, for appellees and respondents.

Dudley, Duvall & Dudley and Embry, Johnson, Crowe, Tolbert & Shelton, all of Oklahoma City, for Fletcher Riley, amicus curiae.

HURST, C.J.   This is an original proceeding in this court in mandamus, growing out of the following facts:

The Honorable Fletcher S. Riley duly and timely filed his notification and declaration of candidacy for the Democratic nomination for Justice of the Supreme Court from the Ninth Supreme Court District at the July, 1948, primary election.   No other person having filed as a candidate for the Democratic nomination for said office, the State Democratic Central Committee met and declared Riley the Democratic nominee, and filed such declaration with the State Election Board, which board, on May 11, 1948, declared Riley to be such Democratic nominee, all as provided by 26 O.S. 1941 §166.

On May 19, 1948, in Riley v. Cordell, 200 Okla. 390, 194 P. 2d 857, this court held that by filing his notification and declaration of candidacy for the office of United States Senator a few minutes before the time for filing expired on April 30, 1948, Riley thereby withdrew his previously filed notification and declaration of candidacy for

the Democratic nomination for Justice of the Supreme Court.

On May 25, 1948, the Democratic State Central Committee designated the Honorable J. G. Hughes as the Democratic nominee for Justice of the Supreme Court of said judicial district to fill the vacancy thereby created, and filed with the State Election Board an affidavit or statement showing such designation. Thereupon Hughes filed with the said State Election Board his notification and declaration of candidacy for said office.

On May 27, 1948, the Honorable Cecil Talmage O'Neal, the Republican nominee for Justice of the Supreme Court from said Ninth Judicial District, filed with the State Election Board his protest against accepting the filing of Hughes as Democratic nominee and his objection to placing the name of Hughes upon the ballot as a candidate at the general election to be held in November, 1948.

On May 27, 1948, the State Election Board held a meeting at which it considered said application and protest and entered the following order:

"It is therefore ordered, adjudged and decreed by the State Election Board of the State of Oklahoma that a vacancy after nomination exists as to the Democratic Nominee for Supreme Court Justice for the Ninth Supreme Court Judicial District of the State of Oklahoma and that J. G. Hughes is hereby declared to be the Democratic Nominee for said office and that the name of said J. G. Hughes has been substituted therefor in the form and manner as provided by law; and it is further ordered that the name of the said J. G. Hughes shall be placed upon the official ballot at the General Election to be held in the State of Oklahoma in November, 1948."

On June 1, 1948, the said protestant filed his appeal from said order, attaching to his petition in error a transcript of the proceedings showing the placing of the name of Hughes on the ballot as such candidate.

On July 14, 1948, O'Neal filed herein his application for this court to assume original jurisdiction to which was attached his petition for a writ of mandamus against the State Election Board and the members thereof, asking that they be required to vacate the said order entered by them on May 27, 1948, and that they omit the name of Hughes from said ballot.

Because of the public nature of the questions involved, we assumed original jurisdiction of No. 33733.

The two causes, No. 33733 and No. 33663, have been briefed and argued together, and are consolidated for the purpose of this opinion.

The petitioner contends that the decision in this proceeding is controlled by the decision in Riley v. Cordell, and that under the decision in that case, the filing of the notification and declaration of candidacy for the United States Senate by Riley operated ipso facto as a withdrawal of his prior notification and declaration of candidacy for the Supreme Court, and that, consequently, there was no Democratic candidate for the Supreme Court at the close of the filing period, that there was no nominee, and that the right to fill a vacancy under 26 O.S. 1941 §233 does not exist where there is no nominee. He cites Ruby v. Smothers, 270 Ky. 153, 109 S.W. 2d 392.

The respondents, the State Election Board and Hughes, argue that Riley was the Democratic nominee for the Supreme Court until the decision in Riley v. Cordell was promulgated and that it was then that the vacancy was created authorizing the filling of the vacancy as provided in 26 O.S. 1941 §233. They cite Coates v. Camp, 161 Kan. 732, 173 P. 2d 266, State v. Tyler, 100 Fla. 1112, 130 So. 721, and Halteman v. Grogan, 233 Ky. 51, 24 S.W. 2d 921.

Riley has filed an application for permission to intervene herein and with it has filed a brief amicus curiae. He contends (1) that the issue of whether

he could be a candidate for two offices at the same primary election and the effect of his filing for two offices was not submitted to the court in Riley v. Cordell, and what is there said on the question is obiter dicta, is contrary to the law, and should not be followed in this proceeding, (2) that he is the Democratic nominee for the Supreme Court, and no vacancy in said nomination has been created as provided in 26 O.S. 1941 §233, and that, consequently, there is no authority of law for placing the name of Hughes on the ballot as a candidate for the Supreme Court instead of his name, and (3) that if this court should hold that an elector cannot be a candidate for two offices at the same time, the rule should be made to operate prospectively as was done in Oklahoma County v. Queen City Lodge, 195 Okla. 131, 156 P. 2d 340, and the subsequent decisions following that case.

It will thus be seen that the petitioner and respondents agree that Riley has withdrawn as a candidate for the Supreme Court, but they disagree as to when the withdrawal occurred, whether before or after the filing period closed. The petitioner and Riley agree that the State Election Board was without authority to substitute Hughes for Riley as a candidate, but they differ as to the reason. Riley and the respondents agree that Riley became the nominee with the close of the filing period, but they disagree as to whether Riley has withdrawn as a candidate. As we understand the contentions, all agree that if Riley did not become the nominee at the close of the filing period, the State Election Board was without authority to place the name of Hughes on the general election ballot, under 26 O.S. 1941 §233, which is the only statute giving the right to fill vacancies in nominations.

Three questions inhere in this case, (1) whether Riley withdrew as a candidate for the Supreme Court, (2) if so, when the withdrawal occurred, and (3) whether he became the nominee at the close of the filing period. We think all these questions are answered in Riley v. Cordell in accordance with the contention of petitioner.

The question of whether Riley could be a candidate for both the Supreme Court and the United States Senate at the same primary election was an issue in Riley v. Cordell, and when it was there held that this question should be answered in the negative, the question was presented as to which filing was the subsisting one, and the holding that the last filing prevailed over the first necessarily implied that the first filing was withdrawn by the filing of the second and that, consequently, Riley was not a candidate for the Supreme Court from the time he filed his notification and declaration of candidacy for the United States Senate.

The decision in Riley v. Cordell related back to the filing of the notification and declaration of candidacy for the United States Senate for the purpose of enabling Riley to become a candidate for that office, and it should logically follow that it also related back so as to prevent him from being a candidate for the Supreme Court after the notification and declaration of candidacy for the United States Senate was filed, since he could not be a candidate for both offices at the same time.

We do not find the authorities relied upon by respondents helpful in deciding the instant case. In none of them did the only candidate withdraw his candidacy. In the Kansas and Kentucky cases there were two candidates for the office voted on at the primary election, and the one receiving the high vote was later declared ineligible. It was held in the Kansas case that the runner-up was not the nominee and it was intimated that there was a vacancy in nomination that could be filled under a statute authorizing the filling of a vacancy where the certificate of nomination is "insufficient or inoperative." It was held in the Kentucky case that the statute authorized a political party to fill vacancies when the party

had candidates for nomination in the primary, and it was also held that the vacancy occurred when it was adjudged that the candidate receiving the high vote was ineligible. In the Florida case, and in the Kentucky case relied upon by the petitioner, it was held that the statutes did not authorize a political party to place the name of a candidate on the ballot when the only candidate of the party timely withdrew his candidacy, as in the Kentucky case, or where there was no candidate of the party who filed his candidacy for the primary election, as in the Florida case, and where the party consequently nominated no candidate for the office at the primary.

We find no merit in Riley's contention that the decision in Riley v. Cordell should be given prospective effect. The authorities relied upon are cases where prior decisions were overruled and the overruling decisions were given prospective effect. In Riley v. Cordell no prior decision was overruled, but this court was there called upon to construe for the first time a statute and to determine whether the rule of ipso facto vacation of one office by the subsequent acceptance of another office should be applied in the case of a person filing as a candidate for two offices when he could hold but one of the offices.

We conclude (1) that Riley's withdrawal as a candidate for the Supreme Court was effective prior to the closing of the filing period, (2) that there was no Democratic nominee, and, hence, no vacancy in the nomination to be filled by the Democratic Central Committee as authorized by 26 O.S. 1941 §233, and (3) that the attempt of the Democratic Central Committee to fill the vacancy was and is ineffective.

The application of Riley to intervene herein is hereby denied.

A peremptory writ of mandamus is directed to be issued in No. 33733 requiring the State Election Board to strike the name of Hughes as a Democratic nominee for the Supreme Court from the Ninth Judicial District and to omit his name from the ballot at the November, 1948, general election.

The appeal in No. 33663 is dismissed for the reason that the relief sought in the appeal has been granted in No. 33733.

RILEY, J., having certified his disqualification, Honorable GROVER C. WAMSLEY, of Anadarko, was appointed Justice in his stead.

DAVISON, V.C.J., and CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., and WAMSLEY, S.J., concur. BAYLESS and WELCH, JJ., concur under the rule of stare decisis.