## STATE EX REL. LEO K. EATON v. JULIUS A. SCHMAHL.[1]

May 17, 1918.

No. 20,999.

**Primary election ballot — candidate convicted of felony — proceeding dismissed.**

> Application to restrain the secretary of state from placing on the nominating election ballot the name of a candidate for United States senator who had been convicted of a felony, and therefore by state law ineligible, was dismissed because an election to that office is governed by Federal law and the provisions of state law are inapplicable thereto. [Reporter.]

Upon the relation of Leo K. Eaton the supreme court granted its order directing Julius A. Schmahl, as secretary of the state of Minnesota, to show cause why he should not refrain from causing the name of one James A. Peterson to be placed upon the official primary ballots of the several counties of the state as candidate for nomination for United States senator. Order discharged.

*Jamison, Swan, Stinchfield & Mackall,* for relator.
*Frederic A. Pike,* for respondent.

PER CURIAM.

Proceedings to restrain the secretary of state from placing upon the nominating election ballot for the June, 1918, primary election the name of James A. Peterson as a candidate for United States senator, on the ground that since the filing of his affidavit as such candidate he was convicted of a felony in the Federal court, sitting in this state, and is now under sentence by the judgment of that court to imprison-

[1]Reported in 167 N. W. 481.

ment for a term of years, and is therefore ineligible to the office.

The proceedings must be dismissed. The office of United States senator is a Federal office created by the Federal Constitution. The qualifications of those aspiring to or holding the position are also prescribed by the Federal Constitution, which the state is without authority to modify or enlarge in any way; and the provisions of the state Constitution imposing restrictions upon the right of suffrage, and upon the right to hold public office, can have no application to the office of United States senator. The method of election to such office is also prescribed by Federal law, and the mere fact that the state election machinery is adopted for that purpose, does not render applicable to a particular candidate the general disqualifications for public office found in the state Constitution. Peterson is not disqualified under the provisions of the Federal Constitution.

Proceedings dismissed.