[No. 14933.   Department Two.   October 16, 1918.]

THE STATE OF WASHINGTON, *on the Relation of George Chandler, Plaintiff*, v. I. M. HOWELL, *as Secretary of State et al., Respondents.*[1]

UNITED STATES (2) — MEMBERS OF CONGRESS — QUALIFICATIONS — STATE REGULATIONS. The Federal Constitution, art. 1, §§ 2 and 5, providing the qualifications of members of Congress and that Congress shall be the sole judge thereof, cannot be added to or varied by the state Constitution, art. 4, § 15, which provides that judges of the supreme and superior courts shall be ineligible to any other office or employment other than a judicial one during the term for which they have been elected.

SAME (2). The fact that the state, in the absence of Federal legislation, can provide for primary elections, does not give it power to provide the qualifications of those seeking nomination for membership in Congress at such primary elections.

Petition filed in the supreme court August 16, 1918, for a writ of prohibition to prohibit the secretary of state from printing the name of a Congressional candidate upon the primary election ballot. Denied.

[1]Reported in 175 Pac. 569.

*William A. Monten* and *W. W. Black,* for relator.

*The Attorney General,* and *Jno. A. Homer, Assistant,* for respondent Howell, contended that Congress is the exclusive judge of the qualifications of its members, and the courts are without jurisdiction to inquire into such qualifications. Cooley, Constitutional Limitations, pp. 189, 190; Hinds, Precedents, vol. 1, pp. 385, 388; Congressional Globe, part 1, 1st session, 34th Congress, pp. 548, 565, 1580; Story, Commentaries on the Constitution, §§ 626, 627.

The states cannot add anything to the qualifications of congressmen. *Spier v. Baker,* 120 Cal. 370, 52 Pac. 662; Cooley, Constitutional Law (3d ed.), pp. 285, 290.

*Lester M. Livengood,* for respondent Webster.

MACKINTOSH, J. — The term of Judge J. Stanley Webster, as a justice of the supreme court of this state, would expire on January, 1921. In May, 1918, he resigned his position on the bench and became a candidate for the office of representative in Congress for one of the Congressional districts of this state, and filed with the secretary of state his declaration of candidacy. The relator seeks to enjoin the printing of Judge Webster's name on the ballot for the primary election, contending that he is rendered ineligible to hold the office of representative in Congress by article 4, § 15 of the state constitution, which provides that judges of the supreme court and of the superior court shall be ineligible to any other office or employment during the term for which they shall have been elected.

In deciding this case but one question arises for determination: Can a state, in its constitution, change the qualifications fixed by the Federal constitution for members of either house of Congress? Article 1, § 2 of the Federal constitution provides: "No person shall

be a representative who has not attained the age of twenty-five years, and been seven years a citizen of the United States and who shall not, when elected, be an inhabitant of that state in which he shall be chosen.'' Section 5 of the same article provides that each house of Congress shall be the sole judge of the qualifications of its own members. The office of a member of Congress is created by the Federal constitution, and that instrument is the only one which attempts in terms to specify the qualifications necessary to be possessed by an occupant of the office. To allow the several states to add to or vary the qualifications set forth in the Federal constitution would be to allow the several states to determine the qualifications of the members of Congress, which power, by the Federal constitution, is expressly delegated to the respective houses of Congress. So long as a candidate for membership in Congress meets the requirements set forth in the constitution which created the office, no state has the right or authority to prevent his candidacy, either by provisions in its constitution or in its statutes. The state courts may be authorized to determine the eligibility of a candidate and may prevent the certification of an ineligible candidate, but the test of eligibility must be that laid down in the Federal constitution.

The relator lays stress upon the fact that the election from which he is seeking to have the candidacy of Judge Webster eliminated is a primary and not a general election, and that the nomination of candidates for Congress is a matter of state regulation, citing the case of *State ex rel. Zent v. Nichols,* 50 Wash. 508, 97 Pac. 728; *United States v. Gradwell,* 243 U. S. 476, and that Congress having passed no act providing for the machinery for the nominations of its members, that the matter of nominations is within the control of the state. *United States v. O'Toole,* 236 Fed. 993. All of

this we concede, but the fact that the state, in the absence of Federal legislation on the subject, has the authority to provide the manner and means of primary elections does not give the state the authority to determine the qualifications of those seeking nomination for membership in Congress at such elections. When the state of Washington attempted in its constitution to prevent members of its courts from becoming candidates for any office, other than a judicial one, during the terms for which they were elected, it came in conflict with the Federal constitution, in so far as it thus attempted to impose additional qualifications for membership in Congress, and in so far that provision is inoperative and void. For offices created by the state, the state, by its constitution and statutes, may provide such qualifications and restrictions as it deems proper, but for offices created under other authority we must look to the creating authority for all qualifications and restrictions.

Some reliance has been placed upon language used by this court in the case of *State ex rel. Reynolds v. Howell,* 70 Wash. 467, 126 Pac. 954, 41 L. R. A. (N. S.) 1119, as sustaining the contention that a judge, upon assuming his office, agrees to the constitutional provisions. But it must be remembered that the oath which the judge takes is not only one of allegiance to the constitution of the state but the Federal constitution as well, and where those constitutions are in conflict, the first duty is to the superior authority. It is true that, in the case just referred to, language broader than was necessary to its decision is used in the opinion, but the decision of that case is only that a member of the court cannot, during the term for which he is elected, become a candidate for any office created by the constitution or laws of this state, other than a judicial office.

Congress, in the exercise of the authority given it to determine the eligibility of its own members, has passed upon this same question in contests arising over membership in Congress from states having similar constitutional provisions to that contained in our constitution.  The constitution of Illinois provides that judges should not be eligible for any office ''in this state or the United States during the terms for which they are elected, nor for one year thereafter.''  In 1856, one Marshall, a judge, was elected from Illinois to the house of representatives, and one Trumbull, a judge, was elected by the legislature of Illinois to the United States senate.  Both the house and the senate in deciding these cases held that the Illinois constitutional provision was null and void in so far as it applied to the office of United States senator and representative, and that no state could add to the qualifications of those offices as they were fixed in the Federal constitution.  1 Hinds, Precedents, page 385.

The constitution of Kansas contains a provision practically the same as that of the Illinois constitution, and in 1884 the house of representatives reaffirmed the decision in the Trumbull case and seated one Peters, who had been a member of the state court.  1 Hinds, Precedents, page 388.

These decisions by Congress, in the exercise of the power given it by the Federal constitution, are binding upon the state courts.  Story in his Commentaries on the Constitution, vol. 1 (5th ed.), §§ 626, 627, observes:

''Now, it may properly be asked, where did the states get the power to appoint representatives to the national government?  Was it a power that existed at all before the constitution was adopted?  If derived from the constitution, must it not be derived exactly under the qualifications established by the constitution, and none others?  If the constitution has delegated no power to the states to add new qualifications,

how can they claim any such power by the mere adoption of that instrument, which they did not before possess?

"The truth is, that the states can exercise no powers whatsoever which exclusively spring out of the existence of the national government, which the constitution does not delegate to them. They have just as much right, and no more, to prescribe new qualifications for a representative, as they have for a President. Each is an officer of the Union, deriving his powers and qualifications from the constitution, and neither created by, dependent upon, nor controllable by the states. It is no original prerogative of state power to appoint a representative, a senator, or President for the Union."

In Kent's Commentaries, page 228, note f, we read:

"The question whether the individual states can superadd to, or vary the qualifications prescribed to the representative by the constitution of the United States, is examined in Mr. Justice Story's Commentaries on the Constitution, vol. 1, pages 99 to 103, but the objections to the existence of any such power appear to me to be too palpable and weighty to admit of any discussion."

So, also, Judge Thomas M. Cooley, in his General Principles of Constitutional Law (3d ed.), pages 285. 290, remarks:

"The constitution and laws of the United States determine what shall be the qualifications for Federal offices, and State constitutions and laws can neither add to nor take away from them. This has been repeatedly decided in Congress, in the case of persons elected to seats therein when provisions in the state constitution, if valid, would render them ineligible.

. . .
"Legislative elections are determined by the body for a seat in which the election is had. This is expressly provided by the constitution in the case of the two houses of Congress, and the judiciary can in no manner interfere with their conclusions."

Article 4, § 15, constitution of this state, does not apply to membership in either house of Congress.

The petition will be denied.

MOUNT, HOLCOMB, FULLERTON, and PARKER, JJ., concur.