## STANLEY E. DANIELSON v. ROBERT F. FITZSIMMONS.
## GRACE H. CARLSON, APPELLANT.[1]

November 1, 1950.

No. 35,450.

*Josiah A. Baker* and *M. J. Myer,* for appellant.

*Silver, Green & Goff,* for respondent Stanley E. Danielson.

*Frank J. Williams* and *Edward J. Shannon,* Assistant County Attorneys, for respondent Robert F. Fitzsimmons.

KNUTSON, JUSTICE.

On October 7, 1950, a certificate of nomination was filed with respondent Robert F. Fitzsimmons as county auditor of Hennepin county, this state, under which Grace H. Carlson, appellant here, was nominated as a candidate of the Socialist Workers party for representative in congress for the fifth congressional district of

[1]Reported in 44 N. W. (2d) 484.

Minnesota at the November 7, 1950, general election. The certificate contained more than the required number of signatures under M. S. A. 202.19. Based upon an affidavit of respondent Stanley E. Danielson, who will be referred to hereinafter as the respondent in this proceeding, setting forth that Grace H. Carlson had been convicted in the United States district court on December 8, 1941, of conspiracy to advocate the overthrow of the government of the United States in violation of U. S. Code, §§ 9, 10, and 11 (1948 Revised Criminal Code, 18 USCA, §§ 2385, 2387), the district court issued its order, after hearing, restraining the auditor of Hennepin county from including the name of appellant on the ballot for the office involved. The case is here on appeal from such order. Because of the shortness of time until the date of election, all parties have agreed that the case be summarily heard in order that it may be disposed of promptly.

For the purpose of this opinion only, we shall assume that the conviction under the United States Code would be a felony under Minnesota law. The decisive question, then, is whether such conviction disqualifies appellant from seeking the office of representative in congress.

Qualifications for representative in congress are set forth in U. S. Const. art. I, § 2, which reads in part as follows:

"The house of representatives shall be composed of members chosen every second year by the people of the several states, and the electors in each state shall have the qualifications requisite for electors of the most numerous branch of the state legislature.

"No person shall be a representative who shall not have attained to the age of twenty-five years, and been seven years a citizen of the United States, and who shall not, when elected, be an inhabitant of that state in which he shall be chosen."

U. S. Const. art. I, § 4, provides:

"The times, places and manner of holding elections for senators and representatives, shall be prescribed in each state by the legis-

lature thereof; but the Congress may at any time by law make or alter such regulations, except as to the places of choosing senators."

Minn. Const. art. 7, § 2, reads as follows:

"No person not belonging to one of the classes specified in the preceding section; no person who has been convicted of treason or any felony, unless restored to civil rights; and no person under guardianship, or who may be *non compos mentis* or insane, shall be entitled or permitted to vote at any election in this State."

Minn. Const. art. 7, § 7, contains this provision:

"Every person who by the provisions of this article shall be entitled to vote at any election shall be eligible to any office which now is, or hereafter shall be, elective by the people in the district wherein he shall have resided thirty days previous to such election, except as otherwise provided in this Constitution, or the Constitution and law of the United States."

It is the contention of respondent that the provisions of Minn. Const. art. 7, §§ 2 and 7, are applicable to representatives in congress, and hence, by her conviction of a felony, appellant is disqualified from holding or seeking this office.

U. S. Const. art. I, § 5, provides that each house (of congress) shall be the judge of the elections, returns, and qualifications of its own members. "This provision gives the house of representatives exclusive jurisdiction to determine whether the respondent is or is not disqualified from becoming a member of that body." State ex rel. 25 Voters v. Selvig, 170 Minn. 406, 407, 212 N. W. 604; Williams v. Maas, 198 Minn. 516, 270 N. W. 586.

The office of representative in congress is a federal office created by the United States constitution. The qualifications of those who aspire to or hold this office are prescribed by the United States constitution, and the state may not enlarge or modify such qualifications. The provisions of U. S. Const. art. I, § 4, permitting the states to regulate the time, place, and manner of holding elections for members of congress, do not permit the state to add qualifications

for such office not contained in the United States constitution. We have so held in State ex rel. Eaton v. Schmahl, 140 Minn. 219, 167 N. W. 481. All authorities, so far as we have been able to find, are in accord. None to the contrary have been called to our attention. Many of the authorities are collected in an exhaustive opinion of the Wyoming court in State ex rel. Johnson v. Crane, 65 Wyo. 189, 197 P. (2d) 864, and we see no need of repeating or reviewing them here.

The order of the trial court is reversed.