STATE EX REL. HANDLEY *v.* SUPERIOR COURT OF MARION COUNTY, ETC. RYAN, JUDGE, ETC.

[No. 29,690. Filed June 25, 1958.]

*Smith & Yarling,* of Indianapolis, for relator.

*C. Richard Fulmer* and *Fulmer & Myers,* of Indianapolis, for respondents.

PER CURIAM.—Relator by his petition herein requests this court to prohibit respondents from taking any further action in Cause No. C-34771 pending in such court, wherein the plaintiff seeks an order of respondent court restraining and enjoining (1) defendant Handley from becoming a candidate for the office of United States Senator at the Republican State Convention to be held on June 27, 1958, restraining defendant State Committee and defendant Secretary thereof from accepting and recognizing defendant Handley's declaration of candidacy for such office, and from permitting his name to be placed in nomination before the Convention as a candidate for the office of United States Senator; (2) temporarily restraining said defendants from such acts until a hearing can be held and thereafter temporarily enjoining defendants from such acts

during the pendency of this suit; and (3) directing defendant Secretary and defendant State Committee to declare that said Handley's declaration of candidacy is void.

The complaint alleges that relator herein, as the Governor of the State of Indiana, was elected for a four-year term beginning January 14, 1957, and is ineligible to be a candidate of the Republican Party for the office of United States Senator in the election to be held on November 4, 1958, or to serve in such office if nominated and elected for the reason that he is ineligible under the provisions of Article 5, §24 of the Constitution of Indiana which provides:

> "Neither the Governor nor Lieutenant Governor shall be eligible to any other office, during the term for which he shall have been elected."

Relator herein asserts that the trial court (1) "may not sit as a court of equity to determine a political question;" and (2) "the eligibility or qualification of a United States Senator is not subject to the jurisdiction of either State or Federal courts; but the sole jurisdiction of this question is in the Senate itself."

Relator, as a defendant below, filed answer in abatement asserting that respondent court "does not have jurisdiction of the subject matter of this cause of action," and does not have the power to grant the relief sought by plaintiff in his complaint. The plea in abatement was overruled and the action in this court followed.

We issued a temporary writ to which respondents duly filed their return. The return is devoted principally to the first question raised by relator in his petition herein and for the reasons which will presently appear, we deem it unnecessary to consider further this part of respondents' return.

The question here presented concerns the construction of certain provisions of both the Federal and State Constitutions and are of grave public concern.

Because of the importance of the issue here involved and of the state-wide public interest in its timely determination, we feel that this court would be failing in its judicial duty if it did not advance this cause on the docket and expedite our decision, and proceed to decide the case on its merits, that is—Do the courts of this State have jurisdiction to decide whether the Governor of Indiana has the right to be a candidate for the office of United States Senator "during the term for which he shall have been elected" as Governor?

Eligibility refers to the qualifications to hold an office—competency to hold the office if chosen, and is synonymous with qualifications. *Carroll* v. *Green* (1897), 148 Ind. 362, 364, 47 N. E. 223; *Shuck* v. *The State ex rel. Cope* (1893), 136 Ind. 63, 70, 35 N. E. 993; 29 C. J. S., p. 663.

Relator has filed his declaration of candidacy for nomination as a candidate for United States Senator in the Republican State Convention to be held on June 27, 1958, as provided by law.[1]

Under the laws of the State of Indiana the Republican State Convention is as much an integral part of the election process as is the primary election at which candidates for the House of Representatives in Congress are nominated. It performs the same function in the nomination of candidates for United States Senator and State officers as do the local primaries in the nomination of candidates for Congress and local officers. *State ex rel. Buttz* v. *Marion Cir. Ct.* (1947), 225 Ind. 7, 20, 72 N. E. 2d

---

1. Acts 1951, ch. 7, §1, p. 10, being §29-3703, Burns' 1957 Pocket Supp.

225, 170 A. L. R. 187; Cf: *United States v. Classic* (1941), 313 U. S. 299, 61 S. Ct. 1031, 85 L. Ed. 1368; *Smith* v. *Allwright* (1943), 321 U. S. 649, 88 L. Ed. 987, 64 S. Ct. 757, 151 A. L. R. 1110; *State ex rel. Wettengel* v. *Zimmerman* (1946), 249 Wis. 237, 24 N. W. 2d 504.

Since the State Convention is an integral part of our election process, Congress, under Article 1; §5 of the Constitution of the United States,[2] has the same jurisdiction of Conventions for the nomination of United States Senator in Indiana as it has over the general election at which a United States Senator is elected.

The United States Supreme Court has held that the right of a citizen of the United States to vote for the nomination of candidates for the United States Senate and House of Representatives in a primary which is an integral part of the elective process is a right secured by the Federal Constitution. *Smith* v. *Allwright, supra* (1944), 321 U. S. 649, 661, 64 S. Ct. 757, 88 L. Ed. 987, 151 A. L. R. 1110; *United States* v. *Classic, supra* (1941), 313 U. S. 299, 314, 61 S. Ct. 1031, 85 L. Ed. 1368.

Under these decisions the same rules of law are applicable to a State Convention in Indiana for the nomination for United States Senator as are applicable to an election for United States Senator. Cf: *State ex rel. Wettengel* v. *Zimmerman, supra* (1946), 249 Wis. 237, 243, 24 N. W. 2d 504, 507.

This court was confronted with a question involving the qualifications of a candidate for the Indiana State

---

2. Article 1, §5 of the Constitution of the United States provides in relevant part, as follows: "Each house shall be the judge of the elections, returns and qualifications of its own members, . . ."

Senate who was nominated in a primary election, in *Lucas* v. *McAfee* (1940), 217 Ind. 534, 29 N. E. 2d 403. In that case Lucas was declared nominated in the Democratic primary election to be one of the two candidates for the Indiana Senate from Lake County. He received more votes than did McAfee, who thereupon filed an action for recount and contest in which he relied on the provisions of Acts 1921, ch. 83, §1, p. 179, being §49-303, Burns' 1951 Replacement, which prohibits any person from holding office if he has been convicted of certain crimes, and on Acts 1935, ch. 82, §2, p. 238 (now Acts 1945, ch. 208, §342, p. 680, being §29-5502, Burns' 1949 Replacement) which provides that an election contest might be had on the ground that the contestee had theretofore been convicted of an infamous crime.

This court there held that by Article 4, §10 of our Constitution exclusive jurisdiction to determine the qualifications of a candidate for the General Assembly was vested in the respective Houses of the Legislature, that the courts have no jurisdiction thereof, and the fact that the controversy arose out of a primary election contest was immaterial. At page 540 of 217 Ind., 29 N. E. 2d at page 404, speaking through Judge Shake, we said:

> "The controlling circumstance in this case is that the appellee McAfee has undertaken to invoke the jurisdiction of a court to determine the qualifications of a person seeking a seat in the state Senate. The fact that the controversy arose out of a primary election contest is immaterial so far as the substantial issue is concerned. The answer would necessarily be the same however the question arose. . . . As to these particular officers, the specific terms of the Constitution transcend the statutes and deprive the courts of jurisdiction of the subject-matter."

See also: *In re McGee* (1951), 36 Cal. 2d 592, 226 P. 2d 1. The principle announced in the Lucas Case in which the constitutional provision involved is similar to Article 1, §5 of the Constitution of the United States, would also apply where the qualifications for a candidate for United States Senator are involved.

Article 6, cl. 2 of the United States Constitution provides:

> "[2] This constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the constitution or laws of any state to the contrary notwithstanding."

The Constitution and laws of the United States are as much a part of the law of every State as its own local laws and Constitution. Their obligation " . . . is imperative upon the state judges, in their official, and not merely in their private, capacities. From the very nature of their judicial duties, they would be called upon to pronounce the law applicable to the case in judgment. They were not to decide merely according to the laws or Constitution of the state, but according to the Constitution, laws and treaties of the United States—'the supreme law of the land.'" *Martin* v. *Hunter's Lessee* (1816), 1 Wheat. 304, 340-341, 4 L. Ed. 97.

> "The Constitution and laws of the United States determine what shall be the qualifications for federal offices, and state Constitutions and laws can neither add to nor take away from them. This has been repeatedly decided in Congress in the case of persons elected to seats therein, when provisions in the state Constitution, if valid, would render them ineligible."

"Legislative elections are determined by the body for a seat in which the election is had. This is expressly so provided by the Constitution in ■ the case of the two houses of Congress, and the judiciary can in no manner interfere with their conclusions." Cooley's General Principles of Constitutional Law, 3d Ed., pp. 285, 290. See also: *State ex rel. Chandler* v. *Howell* (1918), 104 Wash. 99, 175 P. 569; *Ekwall* v. *Stadelman* (1934), 146 Ore. 439, 30 P. 2d 1037, 1039.

Since the petition herein concerns the nomination for the office of United States Senator, we must, under the foregoing constitutional provisions and authorities, be governed by the Federal Constitution and laws in our determination of the issue here presented.

Article 1 of the Constitution of the United States provides, in part here pertinent, as follows:

"§3. . . .
"[3.] No person shall be a senator who shall not have attained to the age of thirty years, and been nine years a citizen of the United States, and who shall not, when elected, be an inhabitant of that state for which he shall be chosen.

•  •  •

"§5. [1.] Each house shall be the judge of the elections, returns and qualifications of its own members, . . . ."

The Constitution of the United States has delegated to the United States Senate the power to determine the qualifications of its members (Article 1, §5, ■ *supra*), and this precludes any consideration of the question by the courts. The provisions of Article 5, §24 of the Constitution of Indiana attempt to add a qualification for the office of United States Senator to those provided by Article 1, §3, cl. 3, *supra*, of the Constitution of the United States in that it provides that a person to be eligible for the office of United

States Senator must not, at the time he is a candidate therefor, be a Governor or Lieutenant Governor of the State.

Whenever States have attempted to require qualifications for the office of United States Senator other than those named in the third clause of §3 of Article 1 of the Constitution of the United States, they have been uniformly rejected by the State courts. *State* v. *Crane* (1948), 65 Wyo. 189, 197 P. 2d 864, and cases there cited.

91 C. J. S., United States, §11, p. 28, states the uniform rule as follows:

"The qualifications for membership in the house of representatives and in the senate are those provided in Article 1, §§2, 3 of the Federal Constitution. These qualifications are paramount and exclusive. State Constitutions and laws can neither add to, nor take away from, them, and in case of a conflict the provisions of the Federal Constitution prevail. Thus, subject to reasonable provisions of time and method of getting his name on the ballot, the mere possession of the qualifications prescribed in the Federal Constitution makes one eligible for election to Congress; and he will not be disqualified therefor by state constitutional or statutory provisions which . . . make the holders of particular offices ineligible for any other office or employment during their term of office."

54 Am. Jur., United States, §17, p. 534, states the rule applicable to Article 1, §5, *supra,* as follows:

"While the Constitution prescribes certain requirements as to age, citizenship, and residence, in order to be eligible to be seated as a member of Congress, Article 1, §5 thereof, providing that 'each House shall be the judge of the elections, returns, and qualifications of its own members,' constitutes each house of Congress the sole and exclusive judge of the election and qualifications of its own members and deprives the courts of jurisdiction to determine those matters."

The United States Court of Appeals for the District of Columbia in *Sevilla* v. *Elizalde* (1940), 72 App. D. C. 108, 112 F. 2d 29, at page 37, which involved the qualifications of a Commissioner of the Commonwealth of the Philippines, said:

"We think it clear also that the courts have no authority to pass upon the qualifications of a delegate from a territory. Article 1, section 5 of the Constitution provides that 'each house shall be the judge of the elections, returns, and qualifications of its own members . . . .' And the Supreme Court has recognized that although these powers are judicial, as distinguished from legislative or executive, in type, they have nevertheless been lodged in the legislative branch by the Constitution."

The United States Supreme Court in *Barry* v. *United States ex rel. Cunningham* (1929), 279 U. S. 597, 613, 49 S. Ct. 452, 73 L. Ed. 867, 871, which involved the validity of the election of a United States Senator from Pennsylvania, said:

"Generally, the Senate is a legislative body, exercising in connection with the House only the power to make laws. But it has had conferred upon it by the Constitution certain powers which are not legislative but judicial in character. Among these is the power to judge of the elections, returns and qualifications of its own members."

The Supreme Court of Wyoming had before it the construction of a provision of their State Constitution identical to Article 5, §24 of the Constitution of Indiana in *State* v. *Crane, supra* (1948), 65 Wyo. 189, 197 P. 2d 864.

Article 4, §2 of the Constitution of Wyoming provides:

"Sec. 2. Governor—Qualifications of.—No person shall be eligible to the office of governor un-

less he be a citizen of the United States and a qualified elector of the state, who has attained the age of thirty years, and who has resided five years next preceding the election within the state or territory, *nor shall he be eligible to any other office during the term for which he was elected.*" (Our italics.)

In that case the Governor of Wyoming during "the term for which he was elected" was nominated as a candidate for the United States Senate. Relator therein sought to have the courts declare that the Governor was, at the time of placing his name upon the Democratic Primary Election ballot, not eligible to be a nominee for the office of United States Senator for the State of Wyoming. After a thorough and able discussion of all the decided cases bearing upon the subject, the court sustained the uniform rule that—The Constitution and laws of the United States determine what shall be the qualifications for federal offices, and State Constitutions and laws can neither add to nor take away from them.

*State ex rel. Wettengel* v. *Zimmerman, supra* (1946), 249 Wis. 237, 24 N. W. 2d 504, was an original action in the Supreme Court of Wisconsin to enjoin the Secretary of State and the State Board of Canvassers from certifying the name of Joseph R. McCarthy as the nominee for United States Senator of the Republican Party at the general election to be held on November 5, 1946, on the ground that as a Circuit Judge he was ineligible to be a candidate for United States Senator under Article VII, §10 of the Constitution of Wisconsin which provides:

"Section 10. Each of the judges of the supreme and circuit courts . . . shall hold no office of public trust, except a judicial office, during the term for which they are respectively elected, and all votes for either of them for any office, except a

judicial office, given by the legislature or the people, shall be void. . . . ."

At page 508 of 24 N. W. 2d, the court said:

"The process of nomination under Wisconsin law is an integral part of the election process and is therefore, as has already been stated, wholly within the jurisdiction of the United States Senate. . . . Neither by constitutional provision nor legislative enactment can the state of Wisconsin prescribe qualifications of a candidate for nomination for the office of United States Senator in addition to those prescribed by the constitution of the United States."

While the specific question here presented is one of first impression in this State, this court, in considering whether or not a person could hold the office of postmaster and township trustee at the same time, in *Foltz* v. *Kerlin* (1886), 105 Ind. 221, at page 224, 4 N. E. 439, 440, 55 Am. Rep. 197, speaking through Judge Elliott, said:

"Our courts can not decide upon the right of an appointee of the National government, . . . . Within the powers delegated to it the Federal government is supreme, and this necessarily carries the authority to determine upon the qualification of its officers and their right to hold office." See also: *State* v. *Blaisdell* (1908), 18 N. D. 55, 118 N. W. 141, 24 L. R. A. (N. S.) 465, 138 Am. St. Rep. 741; *Sutherland* v. *Miller* (1917), 79 W. Va. 796, 91 S. E. 993, L. R. A. 1917D 1040; *State ex rel. Eaton* v. *Schmahl* (1918), 140 Minn. 219, 167 N. W. 481; *State ex rel. Chandler* v. *Howell, supra* (1918), 104 Wash. 99, 175 P. 569; *Ekwall* v. *Stadelman, supra* (1934), 146 Ore. 439, 30 P. 2d 1037; *In re O'Connor* (1940), 173 Misc. 419, 17 N. Y. S. 2d 758; *Stockton* v. *McFarland* (1940), 56 Ariz. 138, 106 P. 2d 328; *State ex rel. Sundfor* v. *Thorson* (1942), 72 N. D. 246, 6 N. W. 2d 89, 143 A. L. R. 599, 107 A. L. R., Anno. p. 206, *et seq.*

From the foregoing there can be no doubt as to the conclusion we must reach in the case now before us

and, on the authorities above cited and for the reasons stated herein, respondent court is without jurisdiction to determine whether or not relator Handley is eligible to be nominated by the Republican Convention as that Party's candidate for the United States Senate in the election to be held on November 4, 1958, or to grant the relief prayed for by plaintiff in Cause No. C-34771 now pending in the Superior Court of Marion County, Room No. 1.

Wherefore, the temporary writ of prohibition heretofore issued herein is hereby made permanent.

NOTE.—Reported in 151 N. E. 2d 508.