## IN RE OPINION OF THE JUDGES

(116 N.W.2d 233)

(File No. 10030. Opinion filed July 6, 1962)

Opinion of the Judges in answer to a question propounded by the Governor relating to whether or not the Governor or Lieutenant Governor were eligible to re-

ceive and accept interim appointment to the United States Senate from the state.

TO HIS EXCELLENCY, ARCHIE GUBBRUD, GOVERNOR OF SOUTH DAKOTA:

In your communication presented to us on July 5, 1962 you request the opinions of the Judges of the Supreme Court as to whether or not the governor or the lieutenant governor are eligible to receive and accept interim appointment to the United States Senate from South Dakota.

The provision of our Constitution, Article IV, § 2, prompting your inquiry reads as follows:

> "No person shall be eligible to the office of governor or lieutenant governor except a citizen of the United States and a qualified elector of the state, who shall have attained the age of 30 years, and who shall have resided two years next preceding the election within the state or territory; nor shall he be eligible to any other office during the term for which he shall have been elected."

We think it beyond reasonable dispute that the last phrase of this section is a qualification which the State of South Dakota is without power to add for the office of United States Senator. State ex rel. Handley v. Superior Court of Marion County, 238 Ind. 421, 151 N.E.2d 508.

Article 1 of the Constitution of the United States in the third paragraph of § 3, provides:

> "No person shall be a Senator, who shall not have attained to the Age of thirty Years, and been nine Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State for which he shall be chosen."

So far as here pertinent the first paragraph of § 5 of the same article states that:

"Each House shall be the Judge of the Elections, Returns and Qualifications of its own Members, * * *".

The authorities uniformly hold that the qualifications of those who hold the office of United States Senator are prescribed by the United States Constitution and that the states can neither add to, nor take away from, such qualifications. State ex rel. Johnson v. Crane (1948), 65 Wyo. 189, 197 P.2d 864, the case most often cited in support of the rule, thoroughly and ably discusses numerous decided cases bearing upon the subject. Subsequent decisions are to the same effect. 91 C.J.S. United States § 11. Because of the unanimity in these cases we see no need to review them here.

Consequently our answer to your question is that they are eligible.

Yours very respectfully,

E. D. ROBERTS
ST. CLAIR SMITH
ALEX RENTTO
CHARLES S. HANSON
FRANK BIEGELMEIER
 Judges of the Supreme Court