238 So.2d 415 (1970)
STATE of Florida On the Relation of William DAVIS, Relator,
v.
Tom ADAMS, As Secretary of State of the State of Florida, Respondent.
No. 39833.
Supreme Court of Florida.
June 26, 1970.
On Petition to Intervene and On Rehearing July 21, 1970.
Joe J. Harrell, of Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, for relator.
Earl Faircloth, Atty. Gen., T.T. Turnbull, and Ronald W. Sabo, Asst. Attys. Gen., for respondent.
James J. Ward, Jr., in pro per, as intervenor.
ADKINS, Justice.
This is an original proceeding in mandamus wherein William Davis seeks a writ commanding the Secretary of State to accept his qualifying fee, receive and file the *416 papers required by law of a person qualifying as a candidate and to place Davis' name on the ballot.
Because of the urgency of this litigation, the parties by stipulation argued the merits of the cause on the petition for issuance of alternative writ of mandamus.
Davis is the Sheriff of Escambia County, Florida, whose term of office is scheduled to expire in January, 1972. Ch. 70-80, Laws of Florida, requires his resignation as a prerequisite to qualifying as a candidate for any public office other than the one he presently holds. The pertinent provisions of Ch. 70-80 are quoted in the companion case of Holley v. Adams, Fla., 238 So.2d 401, opinion filed June 26, 1970.
Davis is attempting to qualify as a candidate for nomination and election to the United States House of Representatives. The issue here is whether Davis is eligible to be a candidate without resigning from his present state office, regardless of the Holley decision, because the office he seeks is a federal office rather than a state office. It should be emphasized that the question is not whether he may be a candidate, but whether he must resign from his office as Sheriff of Escambia County as required by Ch. 70-80 prior to qualifying as a candidate for the United States House of Representatives.
The qualifications for membership in the House of Representatives are those provided in Article 1, § 2, United States Constitution. It is elementary that these qualifications are paramount and exclusive. State constitutions and laws can neither add to, nor take away from, them.
U.S.C.A.Const. Art. 1, § 4, contains the following:
"The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing (sic) Senators."
The United States Supreme Court discussed this constitutional provision in Smiley v. Holm, 285 U.S. 355, 52 S.Ct. 397, 76 L.Ed. 795 (1932), in the following language:
"The subject-matter is the `times, places and manner of holding elections for senators and representatives.' It cannot be doubted that these comprehensive words embrace authority to provide a complete code for congressional elections, not only as to times and places, but in relation to notices, registration, supervision of voting, protection of voters, prevention of fraud and corrupt practices, counting of votes, duties of inspectors and canvassers, and making and publication of election returns; in short, to enact the numerous requirements as to procedure and safeguards which experience shows are necessary in order to enforce the fundamental right involved. And these requirements would be nugatory if they did not have appropriate sanctions in the definition of offenses and punishments. All this is comprised in the subject of `times, places and manner of holding elections,' and involves lawmaking in its essential features and most important aspect." (p. 399)
Several states have adopted constitutional provisions or enacted statutes providing that those holding certain state offices shall hold no other office or be eligible to any other office during the term for which such person may be elected. Several state courts have held that such a provision would not prevent the office holder from becoming a candidate for Congress or Senate, as the state prohibition added to, or detracted from, the qualifications for a member of Congress or Senator. See Stockton v. McFarland, 56 Ariz. 138, 106 P.2d 328 (1940); State ex rel. Wettengel v. Zimmerman, 249 Wis. 237, 24 N.W.2d 504 (1946); Riley v. Cordell, 200 Okla. 390, 194 P.2d 857 (1948); Buckingham v. State *417 ex rel. Killoran, 42 Del. 405, 35 A.2d 903 (1944); State ex rel. Handley v. Superior Court of Marion County, 238 Ind. 421, 151 N.E.2d 508 (1958); State ex rel. Chandler v. Howell, 104 Wash. 99, 175 P. 569 (1918).
The constitutional provisions and statutes considered by the above authorities are quite different from Ch. 70-80, for the Florida law does not prohibit any person from becoming a candidate for any other office. The authorities holding that the Legislature could not require of a candidate for Congress any qualifications different from those stated in the United States Constitution do not involve in any way the validity or enforcement of election regulations and do not directly or indirectly support the invalidation of Ch. 70-80.
As stated in Holley v. Adams, supra, the Florida Legislature considered it inequitable for an elected official or appointive official holding office to use the prestige and power of that office in seeking election to a higher or different office. Also, by providing for prospective resignation the people of the State of Florida would not be compelled to bear the unnecessary cost of special elections occasioned by elected officials who, while holding one office, seek and obtain another elected office. The Legislature considered it an evil for the office holder to use his prestige in seeking another office and, at the same time, impose further costs upon the overburdened taxpayer.
The statute under attack in no manner seeks to increase or lessen the qualifications for a congressional candidate. It does not prevent Davis or any other office holder from being a candidate.
The police power of the state may be exercised to the extent necessary to conserve the public welfare in the premises. The basis, in this instance, for invoking the police power is that the public welfare requires the regulations contained in the statute and that it may be reasonably expected to correct the evil proscribed. See McInerney v. Ervin, 46 So.2d 458 (Fla. 1950); 4 F.L.P., Constitutional Law, Secs. 69-72. See also State ex rel. O'Sullivan v. Swanson, 127 Neb. 806, 257 N.W. 255 (1934), where a statute providing that no candidate defeated at the primary election shall be permitted to file by petition in the general election next following was applied to a candidate defeated at the primary election for Governor when he sought to be a candidate at the general election for the office of United States Senator.
In summary, Ch. 70-80 does not change the qualifications of members of the House of Representatives, as every state office holder has the right to become a candidate for Congress. The Legislature, in the interest of public welfare and in the exercise of its police power, has simply prevented the candidate from using the prestige of his office for political advancement and attempted to relieve the taxpayer from the additional cost of special elections. These are matters of state legislative concern.
The petition for alternative writ of mandamus is
Denied.
DREW, THORNAL, CARLTON and BOYD, JJ., and MASON, Circuit Judge, concur.
ERVIN, C.J., dissents with opinion.
ERVIN, Chief Justice (dissenting).
My dissent in Holley vs. Adams sets forth my dissent to the foregoing opinion.

ON PETITION TO INTERVENE
PER CURIAM.
The petition of James J. Ward, Jr., Mayor of the City of Plantation, for leave to intervene is granted.
*418 The respondent is ordered and directed to allow James J. Ward, Jr., to qualify as a candidate for the Tenth Congressional District of the United States House of Representatives, subject to the terms of the opinion and stay order entered in this cause. In qualifying for said office, the petitioner, James J. Ward, Jr., is subject to the benefits and responsibilities of the decision of this Court entered in this case.
It is so ordered.
ERVIN, C.J., THORNAL, ADKINS and BOYD, JJ., and MASON, Circuit Judge, concur.

ON REHEARING GRANTED
PER CURIAM.
Relator Davis has filed a petition for rehearing following our opinion of June 26, 1970. We granted rehearing and have heard oral argument.
After the opinion was filed, Edward J. Stack, Sheriff of Broward County, Florida, instituted suit against Tom Adams, as Secretary of the State of Florida, in the United States District Court for the Northern District of Florida (TCA 1613). He alleged that Adams refused to accept his qualifying papers and fees as a candidate for Representative to the Congress because Stack failed to resign from his State public office. He contended that Ch. 70-80, Laws of Florida, was federally unconstitutional.
The United States District Court concluded that the statute is valid against Stack's challenge to it on First Amendment grounds, as well as against a federal due process and equal protection attack. However, the United States District Court held that the statute conflicted with the section of the United States Constitution (Art. I, Sec. 2, Clause 2), prescribing qualifications for Representatives in the Congress. Tom Adams, as Secretary of State of the State of Florida, was required to allow plaintiff Stack to qualify and be a candidate for the office of Representative in the Congress of the United States of America.
Relator, William E. Davis, also instituted a suit against Tom Adams, as Secretary of State of the State of Florida, in the United States District Court for the Northern District of Florida (TCA 1615). This was done following our initial decision in the instant case. The suit of Davis was dismissed because he had first submitted his Federal claim of unconstitutionality to this Court and the United States District Court refused to exercise appellate jurisdiction over the Florida Supreme Court. It relegated him to an appeal to the Supreme Court of the United States.
Mandamus is a legal remedy of an equitable nature. City of Miami v. Huttoe, 40 So.2d 899, 901 (Fla. 1949); State ex rel. Turchin v. Herin, 99 So.2d 578, 581 (Fla. 1957). See also 16 FLP, Mandamus, § 4.
It is inequitable that Edward J. Stack, the Sheriff of Broward County, should be allowed to qualify for the office of Representative to the Congress by virtue of the decision of the United States District Court, while William E. Davis, Sheriff of Escambia County, Florida, identically conditioned, is not allowed to qualify for the office of Representative to the Congress merely because he proceeded initially in this Court.
The petition for rehearing is treated as an application to stay the effect of our opinion for the purpose of allowing Relator, William E. Davis, to seek review of our opinion in the United States Supreme Court. This stay should be granted and Relator, William E. Davis, will be allowed to qualify as a candidate for Representative to the Congress during the period of the stay, at his own risk. He may do this without resigning his position as Sheriff of Escambia County. The respondent, Tom Adams, is ordered and directed to accept the qualifying papers and fees of William E. Davis, as a candidate for the office of Representative to the United States Congress pending the review of this case by the United States Supreme Court.
*419 The Court having reconsidered this cause on petition for rehearing filed by Relator and after hearing argument of counsel, it is ordered that the petition for rehearing be treated as a motion for stay of the effect of our decision and said motion for stay is granted and the effect of our decision is stayed until August 5, 1970, to enable Relator to obtain any further stay from the Supreme Court of the United States pending ultimate review of our decision by that Court. If no further stay is obtained by August 5, 1970, the name of Relator shall not be included on the primary or general election ballot. Even though the majority remains of the view that our initial opinion was sound, this action is taken out of a sense of comity, equity, and fairness in view of the decision of the three-judge Federal court in Stack v. Adams, D.C.Fla., 315 F. Supp. 1295, filed July 17, 1970, in the United States District Court for the Northern District of Florida. Therefore, Relator, William E. Davis, may, at his own risk, file with the Secretary of State his qualifying papers for the office of Representative in the United States Congress. The Secretary of State is directed to file and process said papers. The opinion of this Court filed June 26, 1970, in this cause is otherwise hereby adhered to and
Reaffirmed.
ERVIN, C.J., THORNAL, ADKINS and BOYD, JJ., and MASON, Circuit Judge, concur.