ELECTIONS — DECLARATIONS OF CANDIDACY — EFFECT OF FILING FOR SECOND OFFICE A second filing of a Declaration of Candidacy by a person for the Office of County Commissioner has the effect of withdrawing his prior filing of a Declaration of Candidacy for the Office of State Senator. The State Election Board, through its Secretary, should treat a withdrawal by filing a second Declaration of Candidacy in the same manner as a withdrawal would be treated under 26 O.S. 5-115 [26-5-115] (1975). Since there is only one remaining candidate, said candidate should be considered as an unopposed candidate and deemed to have been elected in accordance with 26 O.S. 6-102 [26-6-102] (1975). The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Does a second filing of a Declaration of Candidacy by a person for the Office of County Commissioner render null and void his first filing of a Declaration of Candidacy for the Office of State Senator? 2. If the answer to the first question is in the affirmative, what action should the State Election Board take in order to strike the candidacy of the person for the first office, i.e. State Senator ? 3. If the answer to the first question is in the affirmative, and only one candidate remains in the race for State Senator, is said candidate to be considered an unopposed candidate and, therefore, deemed to have been elected in accordance with 26 O.S. 6-102 [26-6-102] (1975)? Although our research reveals no specific statute concerning your first question, there are decisions of the Oklahoma Supreme Court which make it clear that a second filing by a person of a Declaration of Candidacy has the effect of withdrawing a prior Declaration by operation of law. In the case of Riley v. Cordell, Okl., 194 P.2d 857 (1948), in Syllabus 3 by the Court, the following language appears: "The filing by an elector by a verified Notification and Declaration of Candidacy, in due form, as provided in 26 O.S. 162 [26-162] (1941), for the nomination for an office has the effect of withdrawing a prior Notification and Declaration of Candidacy by the elector for a different office, and mandamus will lie to compel recognition of the second filing." In the body of the Riley opinion, the following language appears at page 861: "The Attorney General has also cited Wimberly v. Deacon, 195 Okl. 561, 144 P.2d 447, and Gibson v. Crowder, 196 Okl. 406, 165 P.2d 628. These cases declare the rule that when a public officer occupying one office enters upon the duties of another office, when under the law he cannot hold both offices, the acceptance of the second office operates ipso facto to vacate the first office. We think the philosophy underlying this rule is applicable to this case." In the case of O'Neal v. State Election Board, et al., Okl.,197 P.2d 273 (1948), the following language appears in Syllabus 1 by the Court: "An effective filing by an elector of a verified Notification and Declaration of Candidacy, in due form, as provided in 26 O.S. 162 [26-162] (1941), for the nomination for an office, has the effect of withdrawing the prior Notification and Declaration of Candidacy by the elector for a different office, where the elector cannot hold both offices, and such withdrawal takes effect by operation of law at the time of the filing of the second Notification and Declaration of Candidacy." The O'Neal case arose out of the controversy which was the basis of Riley, supra, and the above holding of the Court was an empathic reiteration of the rule enunciated in Riley. It must be concluded in light of the above authorities that the filing of a second Declaration of Candidacy has the effect of withdrawing a prior Declaration of Candidacy by operation of law. Your second question relates to the action to be taken by the State Election Board to strike the first Declaration of Candidacy after the filing of a subsequent Declaration. It is clear that the Secretary of the Board should treat the second filing as a withdrawal of the first filing and treat the withdrawal in the same manner as a withdrawal under 26 O.S. 5-115 [26-5-115] (1975). If, after striking the Declaration of Candidacy for the first office, in this case a Declaration of Candidacy for the Office of State Senator, there is only one candidate remaining in the race for the State Senate, it is obvious from a reading of 26 O.S. 6-102 [26-6-102] (1975), that the candidate remaining is an unopposed candidate and must be deemed to have been elected. Title 26 O.S. 6-102 [26-6-102] (1975), provides: "Any candidate who is unopposed in any election shall be deemed to have been nominated or elected, as the case may be, and his name will not appear on the ballot at any election in which he is so unopposed." It is, therefore, the opinion of the Attorney General that your questions be answered in the following manner: Your first question must be answered in the affirmative. A second filing of a Declaration of Candidacy by a person for the Office of County Commissioner has the effect of withdrawing his; prior filing of a Declaration of Candidacy for the Office of State Senator. As to your second question, the State Election Board, through its Secretary, should treat a withdrawal by filing a second Declaration of Candidacy in the same manner as a withdrawal would be treated under 26 O.S. 5-115 [26-5-115] (1975). As to your third question, in light of the answer to your first question, since there is only one remaining candidate, said candidate should be considered as an unopposed candidate and deemed to have been elected in accordance with 26 O.S. 6-102 [26-6-102] (1975). (MICHAEL CAUTHRON) (ksg)