GIBSON v. CROWDER.

No. 32299. Jan. 29, 1946.

*165 P. 2d 628.*

C. A. Ambrister, of Muskogee, and Dudley, Duvall & Dudley, of Oklahoma City, for plaintiff in error.

Richard Martin and Chas. A. Moon, both of Muskogee, for defendant in error.

WELCH, J., The sole issue herein is whether plaintiff or defendant is a member of the board of education of the city of Muskogee.

The board consists of four members. At a meeting on May 5, 1945, one of the former members resigned and the remaining majority of said board elected plaintiff Gibson to the place of such resigned member. Plaintiff accepted said appointment or election and at once qualified and assumed duties as a member of such board, and assumed to act, and acted, as a member of such board.

On May 8, 1945, the board met in regular session and with plaintiff present and participating as a member, but after a time, on motion of another member, the board, by majority action, refused to longer recognize plaintiff as a member of the board, and upon the assumption that the office was then vacant the board then elected the defendant, Mrs. Ralph Crowder, as a member, and she has at all times since assumed to act as such member and has been recognized as such by a majority of the board.

The stipulations and evidence upon trial show that on and prior to May 5, 1945, plaintiff Gibson was the duly appointed, qualified, and acting treasurer of the city of Muskogee, and that at all times thereafter he has continued in all things to so act as such treasurer. At the time of his election as a member of the board of education, or at the meeting on May 8th, he announced it as his intention to continue his office or post of city treasurer, and he so announced himself upon trial hereof.

Judgment was for defendant, and plaintiff, upon appeal, urges:

"Proposition 1. The position of city treasurer and member of the board of education are not inconsistent positions, and do not come within the provisions of the sections of the statutes which prohibit persons from holding two offices of trust or profit under the state.

"Proposition 2. The president of the board of education does not have the power or authority to remove a duly elected or appointed member of the board of education.

"Proposition 3. Conceding for the sake of argument that the positions of city treasurer and member of the board of education are inconsistent positions, the acceptance of the latter position automatically vacates the former, and the person so accepting the latter position is duly entitled to perform the functions of the same."

As to proposition on 2, stated above, we observe that the contrary is not contended by defendant. It is not contended that the president of the board had authority to remove a member of the board. Rather it is contended that the board observed a vacancy because Gibson had not resigned as city treasurer and still held and intended to continue to hold his office as city treasurer. It was the view of a majority of the board, and of the president, that Gibson could not continue to hold both offices by reason of the statute, 51 O. S. 1941 § 6; that since Gibson at that time had not formally resigned as city treasurer and did not intend doing so, it was in the authority of the board to declare vacant the position on the board purportedly held by Gibson. It is therefore not necessary to discuss the question of the authority of the president of the board to remove a member of the board.

Nor need we discuss the arguments presented for and against proposition 1, stated above. Whatever answer we might give to that proposition, it would not change the conclusion which we must reach in the present case. We must not lose sight of the fact that the issue here is solely whether Mr. Gibson is a member of the board of education. We should therefore refrain from passing upon unnecessary questions where the rights of parties not present here might appear to be prejudged.

If we should hold with plaintiff on proposition 1, that these two offices are

not incompatible by statute, then that would decide this case for plaintiff. On the other hand, if we should hold with defendant on proposition 1, that these two offices are incompatible by statute, the defendant would be in no better position, for we are committed to the rule in this state that if two offices apparently or purportedly held by the same man are incompatible under the statute, the acceptance of the second office operates ipso facto to vacate the first, so that the first office then could stand as no bar to the continued holding of the second.

That conclusion is and must be based upon the rule in Wimberly v. Deacon, 195 Okla. 561, 144 P. 2d 447, wherein it is announced in paragraph 7 of the syllabus as follows:

"The provisions of section 12, art. 2 of the State Constitution, are self-executing and fully operative so that the acceptance of the second or prohibited office operates ipso facto to absolutely vacate the state office first held."

The same rule would apply in considering similar statutory provisions. It was so ruled when this court, in adopting the opinion in Wimberly v. Deacon, quoted with approval the statement of the rule in Meacham on Public Officers in the following language:

" 'Where, however, it is the holding of two offices at the same time which is forbidden by the Constitution or the statutes, a statutory incompatibility is created, similar in its effect to that of the common law, and, as in the case of the latter, it is well settled that the acceptance of a second office of the kind prohibited, operates ipso facto to absolutely vacate the first.

" 'No judicial determination is therefore necessary to declare the vacancy of the first, but the moment he accepts the new office the old one becomes vacant.' § 429."

It is therefore apparent that if Mrs. Crowder is correct in her counter argument under proposition 1 above, Gibson is still a member of the board of education under the rule of the Wimberly Case, supra.

The only effort on the part of Mrs. Crowder to distinguish the Wimberly Case, supra, is to suggest that the rule therein announced is based upon a presumption of resignation, and that such presumption is overcome in a case such as this, where the officer openly and avowedly continues to hold and exercise the function of the first office. Not so of the Wimberly Case. The rule of conclusive presumption is therein announced and the actual intention and purpose of the officer is not recognized as a factor. Mrs. Crowder also cites authorities concerning resignation of officers and the necessity and effect thereof, including Rogers v. Carleton, 188 Okla. 470, 110 P. 2d 908. We do not discern wherein they may be considered as altering the rule of the Wimberly Case. No other suggestions are made wherein the Wimberly Case is thought to be inapplicable or distinguishable.

We conclude that in any event plaintiff Gibson is a duly qualified member of the board of education of the city of Muskogee, and the judgment of the trial court is reversed.

HURST, V. C. J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. CORN, J., concurs in result.