OPINION — AG — ** DUAL OFFICE — MUNICIPAL ATTORNEY — COUNTY ATTORNEY ** IF THE POSITION OF CITY ATTORNEY (CONTINUOUS EMPLOYMENT AS GENERAL ATTORNEY FOR THE CITY, AS DISTINGUISHED FROM SPECIAL EMPLOYMENT IN A PARTICULAR MATTER) EXISTS, EITHER UNDER 11 O.S. 632 [11-632], OR UNDER AN ORDINANCE OF THE CITY IN QUESTION, UNDER AUTHORITY OF 11 O.S. 631 [11-631] SUCH POSITION IS AN "OFFICE" UNDER THE THE LAWS OF THIS STATE, WITHIN THE CONTEMPLATION OF 51 O.S. 6 [51-6] SO THAT A PERSON HOLDING AN OFFICE UNDER THE LAWS OF THE STATE, OR A DEPUTY OR ANY OFFICER SO HOLDING ANY OFFICE, SUCH AS AN ASSISTANT COUNTY ATTORNEY, BY ACCEPTING AND QUALIFYING FOR SUCH POSITION OF CITY ATTORNEY, WOULD UNDER THE RULE OF AUTOMATIC VACATION OF THE FIRST OFFICE ANNOUNCED IN THE CASE OF "GIBSON V. CROWDER", 165 P.2d 628
VACATE SUCH FIRST OFFICE. (MUNICIPALITY, DISTRICT ATTORNEY) CITE: 11 O.S. 631 [11-631], 11 O.S. 632 [11-632] (JAMES C. HARKIN)