Assistant District Attorney — Dual Office Holding An Assistant District Attorney can run for another office, but upon his election and entering upon the duties of the second office, he would ipso facto vacate the office of Assistant District Attorney under the rule set forth in Gibson v. Crowder, 196 Okl. 406, 165 P.2d 628 (1946). It is the holding of two offices that is prohibited and it is immaterial that either one or are paid or unpaid. The Attorney General has had under consideration your letter of April 18, 1969, wherein you, in effect, ask: Can an Assistant District Attorney run for and hold an unpaid position on a municipal Board of Freeholders? Title 51 O.S. 6 [51-6] (1961), provides: "Except as may be otherwise provided no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. . . ." The provisions pertaining to the election of a municipal Board of Freeholders are in the Oklahoma Constitution, Article XVIII, Section 3(b) and in 11 O.S. 558 [11-558] to 11 O.S. 562 [11-562] (1961), which authorize such Freeholder to exercise functions of the sovereign by providing that upon election a Board of Freeholders shall prepare and propose a charter for such city. The Attorney General in Opinion No. 67-171, March 22, 1967, held: "It is the opinion of the Attorney General that a qualified Assistant District Attorney is authorized to perform every act that the District Attorney is authorized by law to perform." In the case of Sparks v. Board of Library Trustees of Carter County, 197 Okl. 132, 169 P.2d 201
(1946), the Court defined an "officer" as: "One who is invested with some portion of the function of government to be exercised for the public benefit." See also, State v. Sowards, 64 Okl. Cr. 430, 82 P.2d 324 (1938). 67 C.JS., Officers Section 1, states in part: "The receipt of a salary or emolument is not necessary to establish the status of an office. . . ." The Attorney General concludes that an Assistant District Attorney holds an office under the laws of this State, and further, that a member of a municipal Board of Freeholders is an officer under the laws of this State. In Gibson v. Crowder, 196 Okl. 406,165 P.2d 628 (1946), the Supreme Court held in the syllabus: "If an office held by a person is properly classified as an office under the laws of this state, and thereafter the same person is regularly appointed or elected to another such office, which he fully accepts and enters into, the acceptance of the second office operates ipso facto to vacate the first office theretofore held, and the intention or purpose of the officer with reference to retaining the first office is immaterial. In such case the holding of the second office is valid and not in violation of the laws prohibiting the holding of more than one office under the laws of the state." There appears to be no statutory provision which prohibits an Assistant District Attorney running for another office, but upon his election and entering into the duties of that office, he would ipso facto vacate the office of Assistant District Attorney under the rule set forth in Gibson v. Crowder, supra. The Attorney General is of the opinion it is the holding of two offices that is prohibited, and it is immaterial that either one or both are paid or unpaid offices. (Duane Lobaugh) ** SEE: OPINION NO. 92-502 (1992) ** ** SEE: OPINION NO. 74-118 (1974) ** ** SEE: OPINION NO. 70-299 (1970) ** ** SEE: OPINION NO. 77-179 (1977) **