MUNICIPAL JUDGE CANNOT BE ASSISTANT DISTRICT ATTORNEY An Assistant District Attorney cannot also hold a position as Municipal Judge. The Attorney General has had under consideration your request for an opinion on whether an Assistant District Attorney can also hold a position as Municipal Judge. You in effect ask us to reconsider two former opinions of this office, to wit: Opinion No. 67-124 and Opinion No. 69-185 (2 Okl. Op. A.G. 128), in the light of State ex rel. Blankenship v. Atoka County, et al., Okl., 456 P.2d 537 (1969). The two former opinions to which you refer cited and quoted 51 O.S. 6 [51-6] (1961) which provides in pertinent part: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of an officer holding any office, under the laws of the State. . ." The Atoka County case, supra, as you correctly note in your letter, said that Assistant District Attorneys are State officers for payroll purposes only and that: "They were not classified as State officers for any other purpose." (At p. 540.) You conclude from this language from the court's opinion that ". . . an Assistant District Attorney is nothing more than an employee rather than an officer." We, however, do not believe that your conclusion logically follows from the language quoted. Furthermore, we call your attention to other language in the opinion at page 539 where the court said: "As heretofore noted a District Attorney and his Assistant in each county perform essentially the same duties and functions as were previously performed by county attorneys. County Attorneys were classified as county officers in Article XVII, Section 2 Oklahoma Constitution, along with other county officers therein named. In a broad sense all county officers are officers of the State, since counties are auxiliaries of State government. Citations. " (Emphasis added.) The question of concern to the court in the Atoka County case was whether county ad valorem tax revenues could be used to pay part of the salaries of Assistant District Attorneys inasmuch as Article X, Section 9 Oklahoma Constitution, forbids use of "any part of the proceeds of any ad valorem tax levy upon any kind of property in this State . . . for State purposes." We thus think it is clear that the distinction made in the Atoka County case was as to whether Assistant District Attorneys were State functionaries or county functionaries, and not as to whether they were officers or employees. The court strongly implied that it considers Assistant District Attorneys to be county officers. We further call your attention to the fact that the provisions of Section 6, supra, apply not only to State officers but to the persons "holding an office under the laws of the State" and their deputies. This provision has regularly been construed as covering all public officers and not merely those holding State offices as such. We think this is what the court had in mind, for example, when it used and emphasized language in the quote from the Atoka County case above. A landmark case construing this statute was Gibson v. Crowder,196 Okl. 406, 165 P.2d 628 (1946), in which the court held that a member of the board of education of the city of 302 Muskogee vacated that office when he became treasurer of the city of Muskogee because of the operation of this statute. In Opinion No. 67-174 we construed Section 6, supra, and concluded that an Assistant District Attorney could not also act as a City Attorney. In Opinion No. 69-185 (2 Okl. Op. A.G. 128) we held that an Assistant District Attorney could not also act as a member of a "municipal Board of Freeholders." For reasons more fully detailed in those opinions we concluded that an Assistant District Attorney is a public officer subject to the provisions of Section 6, supra. We herein reaffirm that conclusion and adhere to those former opinions. We have examined Article VII, Oklahoma Constitution; 11 O.S. 781 [11-781] et seq. (1970); and 11 O.S. 958.1 [11-958.1] et seq. (1970), and, without restating the criteria more fully discussed in our former opinions, we are of the opinion that Municipal Judges clearly are public officers subject to the provisions of Section 6, supra. It is then the opinion of the Attorney General that your question be answered in the negative; that is to say, an Assistant District Attorney can not also hold a position as Municipal Judge. We express this opinion after due consideration of State ex rel. Blankenship v. Atoka County, et al., supra. (HUGH H. COLLUM)