** Summary ** DUAL OFFICE HOLDING PROHIBITED One cannot concurrently serve as a member of a county hospital board of control and an independent school district board of education, pursuant to 51 O.S. 6 [51-6] (1971); The acceptance of a second office, ipso facto vacates the first office previously held; Participation in the first office after acceptance of the second office, constitutes action by an officer de facto. Any such act, performed before removal from the first office, is valid as to matters and/or persons other than those involving the member himself. The Attorney General has considered your opinion request wherein, in effect, you ask the following questions: "1. Is the contemporaneous occupancy of a county hospital board of control and a member of an independent school district board of education prohibited under the laws of the State of Oklahoma? "2. If the dual occupancy of such roles is so prohibited, which position, if either, does the subject lawfully occupy upon entering into the second? "3. If the subject is so prohibited from occupying either of such positions, does his participation in board action pursuant to that position affect the validity of that action?" Title 51 O.S. 6 [51-6] (1971) provides as follows: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding an office, under the laws of the State." Title 19 O.S. 789 [19-789] (1971) provides for the appointment by the Board of County Commissioners of a particular county the appointment of members to the Board of Control for the purposes of managing and controlling the county hospital. Section 19 O.S. 789 [19-789] provides in part as follows: ". . . No member of the Board of Control shall hold any state, county or city elective office . . . ." Not included in the above provision is a school district elective office, but such provision implies strongly that a member of such Board of Control would be considered to be a public officer. A public officer is defined by 67 C.J.S. Officers, 2, as: ". . . One who performs a public function, whose authority is derived and directed from the State by legislative enactment, and whose duties, powers, and authority are prescribed by law; one who by lawful authority has been invested with a portion of the sovereign power of the government." An early Oklahoma case, The Guthrie Daily Leader v. Caineron Territorial Auditor, 3 Okl. 677, 41 P. 635, defines public office as follows: "A public office is the right, authority and duty created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, either executive, legislative, or judicial, to be exercised for the benefit of the public, and unless the powers conferred are of this nature, the individual is not a public officer." It has been uniformly held by this office that a member of a school district board of education is a public officer and accordingly, holds a position of public trust. Because a county hospital board of control member possesses authority correctly derived from legislative enactment and possesses such authority for a fixed period as determined by the appointing authority, the Board of County Commissioners, it would appear, that such member is a public officer. Therefore, one cannot serve concurrently both as a member of a county hospital board of control and of an independent school district board of education. Your attention is further called to the case of Gibson v. Crowder, 196 Okl. 406,165 P.2d 628 wherein the Court stated: "If an office held by a person is properly classified as an office under the laws of this state, and thereafter, the same person is regularly appointed or elected to another such office, which he fully accepts and enters into, the acceptance of the second office operates ipso facto to vacate the first office theretofore held, and the intention or purpose of the officer with reference to returning to the first office is immaterial. In such case, the holding of a second office is valid and not in violation of the law prohibiting the holding of more than one office under the laws of the State." Further, in Mid-Continent Building Co. v. Bd. of Equalization of Tulsa County, 88 P.2d 226, Okl. 1939, the Supreme Court relied upon a West Virginia case in holding that: "One who forfeits his right to an office of which he is the incumbent, by accepting another which is incompatible with it, and afterwards performs the functions of the office forfeited, is an officer, de facto, and his acts, done before removal from such office, are valid as to persons other than himself." Therefore, it is the opinion of the Attorney General that your questions be answered as follows: 1. One cannot concurrently serve as a member of a county hospital board of control and an independent school district board of education, pursuant to 51 O.S. 6 [51-6] (1971); 2. The acceptance of a second office, ipso facto vacates the first office previously held; 3. Participation in the first office after acceptance of the second office, constitutes action by an officer de facto. Any such act, performed before removal from the first office, is valid as to matters and/or persons other than those involving the member himself. (Larry L. French) ** SEE: OPINION NO. 89-503 (1989) ** ** SEE: OPINION NO. 75-136 (1975) ** ** SEE: OPINION NO. 77-154 (1977) ** ** SEE: OPINION NO. 79-041 (1979) **