** Summary ** DUAL OFFICE HOLDING — APPLICABLE AT TIME OF APPOINTMENT Title 51 O.S. 6 [51-6] (1971), prohibiting dual office holding, applies to members of local boards of education and to members of the State Board of Public Accountancy; no person may serve in both such capacities. Although appointments to the State Board of Public Accountancy are subject to subsequent Senate confirmation, the appointee may properly exercise the duties of that office during the interim period before confirmation. The prohibition against dual office holding is therefore effective at the time the appointment is accepted, rather than at the time of confirmation. The Attorney General has considered your request for an opinion wherein you state the following facts: A member of a local board of education in Oklahoma has been appointed to the State Board of Public Accountancy. This appointment is temporary, subject to confirmation by the Senate early in 1973. Your questions were as follows: 1. May a person legally serve as a member of the State Board of Public Accountancy and as a member of a local board of education at the same time? 2. If not, is the appointment to the State Board of Accountancy effective at the time of appointment or at the time of confirmation by the Senate? The answer to your first question requires a construction of Oklahoma's double office holding statute, 51 O.S. 6 [51-6] (1971), which provides: "Except as may be otherwise provided, no person holding an office under the laws of this State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office, under the laws of the State. Provided that the provisions of this Section will not apply to notaries public and members of the textbook commission. Section 6, quoted above, generally prohibits double office holding in Oklahoma. Before the statute will be applicable, however, both positions held must be "public offices" or offices "under the laws of the State." In Guthrie Daily Leader v. Cameron, 3 Okl. 677, 41 P. 635
(1895), the Oklahoma Supreme Court defined "public office" as follows: "A public office is the right authority, and duty created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised for the benefit of the public; that some portion of the sovereignty of the country, either legislative, executive, or judicial, attaches for the time being, to be exercised for the public benefit." The Attorney General has previously held that members of local school boards are to be considered "public officers" for purposes of the double office holding statute. See Attorney General Opinion Nos. 64-196, issued April 9, 1964, and 64-220, issued April 20, 1964. A person who is a member of the Board of Public Accountancy also holds a "public office" for purposes of the double office holding statute. The statute requires only that the office in question must be an office "under the laws of the State." The offices of the members of the Board of Public Accountancy are expressly created by statute. Title 59 O.S. 15.2 [59-15.2] — 59 O.S. 15.3 [59-15.3] (1971). The Board of Public Accountancy is charged with a number of duties which reveal that the Board is in fact vested with some portion of the sovereign functions of government which are to be exercised for the benefit of the public. The Board is empowered to adopt rules and regulations regulating the professional conduct of persons authorized to engage in public accounting under 59 O.S. 15.5 [59-15.5] (1971); the Board conducts examinations of persons seeking authorization to practice public accountancy in the State of Oklahoma, grades these examinations, accepts annual registrations, revokes and suspends public accountancy licenses, and in general enforces the Public Accountancy Act of 1968, 59 O.S. 15.1 [59-15.1] to 59 O.S. 15.34 [59-15.34]. Therefore, under the standard of Guthrie Daily Leader v. Cameron, supra, a member of the Board of Public Accountancy is a public officer for the purposes of 51 O.S. 6 [51-6] (1971). In Gibson v. Crowder,196 Okl. 406, 165 P.2d 628 (1946), the Supreme Court of Oklahoma held in the syllabus of its opinion that: "If an office held by a person is properly classified as an office under the laws of this State, and thereafter the same person is regularly appointed or elected to another such office, which he fully accepts and enters into, the acceptance of the second office operates ipso facto to vacate the first office theretofore held, and the intention or purpose of the officer with reference to retaining the first office is immaterial. In such case the holding of the second office is valid and not in violation of the laws prohibiting the holding of more than one office under the laws of the State." Under Gibson v. Crowder, 51 O.S. 6 [51-6] (1971), is self-executing; the statute is not violated by the assumption or acceptance of a new office by a public office holder. Instead, his previous position is automatically vacated. Your second question concerns the effective date of this automatic vacation of the initial office, in light of the fact that appointments to the board of public accountancy are subject to Senate confirmation. The general rule is that when a statute creating an office provides for appointment by one authority with the advice and consent of another authority and further allows appointment to be made at a time when the confirming body is not in session, the appointee may occupy the office during the interim. Otherwise, no effective appointment could be made until later when the Senate confirms the appointment, and in the meantime, the office would be necessarily vacant. See 46 C.J.S., Officers, 38 and 45. There appears to be no Oklahoma decision directly in point; other jurisdictions have passed upon the question of status of an officer appointed during a recess of the legislature. Syllabus one of the Court's opinion in People v. Mizner, 7 Cal. 519 (1857) states: "Where the appointment to an office is vested in the Governor, with the advice and consent of the Senate, and the term of the incumbent expires during a recess of the Legislature, and the Governor appoints a successor to the office; Held, that there has been no vacancy in the office, and that this appointment vested in the appointee a right to hold for his full term, subject only to be defeated by the nonconcurrence of the Senate." In Lockwood v. Jordan, 72 Ariz. 77, 231 P.2d 428, 434 (1951), an appointee was held entitled to receive the salary of his office during the interim period before Senate consideration of confirmation. The Court stated at 231 P.2d 434 that: "By authorizing an ad interim appointment, however, the act impliedly grants to the appointee the right to take charge of such office and enter upon the discharge of his official duties. Citation An appointment made when the Legislature is not in session is lawful until and unless the majority of the Senate . . . act in disapproval thereof." In State v. Williams, 220 Mo. 268,121 S.W. 64 (1909), the Missouri Supreme Court adopted a similar rule. The Court reasoned at 121 S.W. 68 that: "The law contemplates that such interim appointments shall be made at the proper time, and that the Senate will act upon the appointment at the next session thereafter. The law does not contemplate that there can be no occupant of the office until both the Governor and Senate has acted. Were that true, in case of the death of an occupant at a time when the Senate was not in session, the business of the office would have to cease until the Senate met. Such was never in the minds of the members of the General Assembly " Therefore, it is the opinion of the Attorney General that your question should be answered as follows: A person may not legally serve as a member of the State Board of Public Accountancy and as a member of a local board of education at the same time. When a school board member accepts an appointment to the State Board of Public Accountancy, he automatically vacates his previous office as a member of the board of education. An appointee to the State Board of Public Accountancy may properly exercise all of his rights, duties, and authority as a member of the Board of Public Accountancy from and after the time he accepts the appointment. Both membership on the Board of Public Accountancy and membership on a local board of education constitute the holding of a public office for the purpose of the double office holding statute, 51 O.S. 6 [51-6] (1971). A person may legally serve in only one of these capacities at any one time. Although appointments to the State Board of Public Accountancy are subject to subsequent Senate confirmation, the prohibition against dual office holding is effective at the time the appointment is accepted, rather than at the time of confirmation. (C. Larry Pain) ** SEE: OPINION NO. 79-041 (1979) **