DUAL OFFICE HOLDING — HOUSING AUTHORITY — COUNTY COMMISSIONERS A person may not legally serve as a member of a housing authority and as a member of the board of county commissioners at the same time. When a commissioner of a housing authority is elected to a board of county commissioners, he automatically vacates his previous office as a member of the housing authority. The Attorney General has considered your request for an opinion wherein you state the following facts: A commissioner for the housing authority of a city has recently been elected to the board of county commissioners. Your question was as follows: "(1) May a recently elected member of the board of county commissioners continue to serve in his capacity as a commissioner for the housing authority under the laws of the State of Oklahoma?" The answer to your question requires the construction of Oklahoma's dual-office-holding statute, 51 O.S. 6 [51-6] (1971), which provides: "Except as may be otherwise provided, no person holding an office under the laws of this State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office, under the laws of the State, provided that the provisions of this section will not apply to notaries public and members of the Textbook Commission." Section 51 O.S. 6 [51-6], quoted above, generally prohibits dual-office-holding in Oklahoma. Before the statute will be applicable, however, both positions held must be "public offices" or offices "under the laws of the State". In Guthrie Daily Leader v. Cameron, 3 Okl. 677, 41 P. 635 (1895), the Oklahoma Supreme Court defined "public office" as follows: "A public office is the right, authority, and duty created and conferred by law, by which, for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised for the benefit of the public; that some portions of the sovereignty of the country, either legislative, executive, or judicial, attaches for the time being, to be exercised for the public benefit." A person who is a commissioner for a housing authority of a city hold a " public office " for purposes of the dual-office-holding statute. The statute requires only that the office in question be an office "under the laws of the State". The offices of the commissioners of housing authorities are expressly created by statute. Title 63 O.S. 1058 [63-1058] (1971). The commissioners of housing authorities are charged with a number of duties which reveal that housing authorities are vested with some portion of the sovereign functions of government which are to be exercised for the benefit of the public. Under section 1058, the commissioners of housing authorities are appointed by the mayor with the advice and consent of the governing body of the city. The commissioners subscribe to the oath of office for elected officials of the city and each commissioner shall hold office until his successor has been appointed and qualified. Section 1061 enumerates the powers of local housing authorities. Housing authorities have the power to sue and be sued; repair, carry out, and operate projects and to provide for the acquisition, construction, reconstruction, improvement, extension, alteration or repair of any project or any part thereof. Housing authorities are allowed to undertake and carry out studies and analyses of housing needs and ways of meeting such needs within their area of operation. In addition, such an authority may utilize, contract with, act through, assist and cooperate or deal with any person, agency, institution or organization, public or private, for the provision of services, privileges, works, or facilities, or in connection with its projects. Therefore, under the standards of Guthrie Daily Leader v. Cameron, supra, a commissioner of a local housing authority is a public officer for the purposes of 51 O.S. 6 [51-6] (1971). The Attorney General has previously held that commissioners of housing authorities are to be considered public officers. Opinion No. 66-288 is hereby reaffirmed and a copy is enclosed for your convenience. Likewise, members of a board of county commissioners have long been considered public officers under the laws of the State of Oklahoma. Statutory authority regarding county commissioners is found at 19 O.S. 321 [19-321] (1971) et seq. The board of county commissioners is generally charged with the responsibility of managing county government. County commissioners are elected county officials who must execute a bond before entering upon the duties of their office. Specifically, under Section 339, their powers include the right to sell the public grounds of the county and to purchase other grounds in lieu thereof. The commissioners audit the accounts of all officers having the care, management, collection or disbursement of any money belonging to the county; they construct and repair bridges and open, lay out and vacate highways. It is clear that county commissioners by statute are invested with some portion of the sovereign functions of government to be exercised for the benefit of the public. In Gibson v. Crowder,196 Okl. 406, 165 P.2d 628 (1946), the Supreme Court of Oklahoma held in the syllabus of its opinion that: "If an office held by a person is properly classified as an office under the laws of this state, and thereafter the same person is regularly appointed or elected to another such office, which he fully accepts and enters into, the acceptance of the second office operates ipso facto to vacate the first office theretofore held, and the intention or purpose of the officer with reference to retaining the first office is immaterial. In such case the holding of the second office is valid and not in violation of the laws prohibiting the holding of more than one office under the laws of the state." Under Gibson v. Crowder, 51 O.S. 6 [51-6] (1971) is self-executing; the statute is not violated by the assumption or acceptance of a new office by a public officeholder. Instead, his previous position is automatically vacated. It is, therefore, the opinion of the Attorney General that your question be answered as follows: A person may not legally serve as a member of a housing authority and as a member of the board of county commissioners at the same time. When a commissioner of a housing authority is elected to a board of county commissioners, he automatically vacates his previous office as a member of the housing authority. (Robert H. Mitchell) ** SEE: OPINION NO. 90-661 (1990) ** ** SEE: OPINION NO. 73-114 (1973) ** ** SEE: OPINION NO. 73-189 (1973) ** ** SEE: OPINION NO. 73-199 (1973) ** ** SEE: OPINION NO. 74-153 (1974) ** ** SEE: OPINION NO. 75-196 (1975) ** ** SEE: OPINION NO. 75-171 (1975) **