DUAL OFFICE HOLDING A person may not legally serve as a member of the Board of Review for the Employment Security Commission and as a city councilman at the same time. If a member of the Board of Review for the Employment Security Commission is elected to a city council, he automatically vacates the previous office as a member of the Board of Review. The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following question: May an individual serving on the Board of Review for the Oklahoma Employment Security Commission serve as a city councilman at the same time? The Oklahoma Statute prohibiting an individual from assuming two positions simultaneously, commonly referred to as dual office-holding is Title 51 O.S. 6 [51-6] (1971), which section provides: "Except as may be otherwise provided no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. Provided, that the provisions of this section will not apply to notaries public and members of the Textbook Commission. " A previous Attorney General's opinion, Opinion No. 73-114, has held that both positions held must be public offices or offices under the laws of the State. In Guthrie Daily Leader v. Cameron, 3 Okl. 677, 41 P. 634 (1895), the Oklahoma Supreme Court defined public offices as follows: "A public office is the right, authority, and duty created and conferred by law, by which, for a given period either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government. . . to be exercised for the benefit of the public. . . that some portions of the sovereignty of the country, either legislative, executive, or judicial attaches for the time being, to be exercised for the public benefit." A person who is a member of the Board of Review for the Oklahoma Employment Security Commission holds a public office for purposes of the dual office holding statute. The statute requires only that the office in question be an office under the laws of the State. The positions on the Board of Review are expressly created by statute, 40 O.S. 220c [40-220c] (1971). The duties of the Board include the hearing and determination of claims for employment benefits. These duties invest Board members with some portion of the sovereign functions of government to be exercised for the benefit of the public. Likewise, city councilmen have long been considered public officers under the laws of the State of Oklahoma. Statutory authority regarding city councilmen is found in 11 O.S. 961.2 [11-961.2] (1971). City councilmen are elected public officials, and their duties make them responsible and responsive to the people in their various wards. Thus, it is clear that city councilmen are invested with a certain portion of the sovereign functions of government to be exercised for the benefit of the public. In Gibson v. Crowder, 196 Okl. 406, 165 P.2d 628 (1946), the Supreme Court of Oklahoma held in the syllabus of its opinion that: "If an office held by a person is properly classified as an office under the laws of this State and thereafter the same person is regularly appointed or elected to another such office which he fully accepts and enters into, the acceptance of the second office operates ipso facto to vacate the first office theretofore held, and the intention or purpose of the officer with reference to retaining the first office is immaterial. In such case the holding of the second office is valid and not in violation of the law prohibiting the holding of more than one office under the laws of the State. " Under Gibson v. Crowder, supra, Section 6 of Title 51 O.S. 6 [51-6] (1971), is self-executing; the statute is not violated by the assumption or acceptance of the new office by a public office-holder. Instead, his previous position is automatically vacated. It is, therefore, the opinion of the Attorney General that your question be answered as follows: A person may not legally serve as a member of the Board of Review for the Employment Security Commission and as a city councilman at the same time. If a member of the Board of Review for the Employment Security Commission is elected to a city council, he automatically vacates the previous office as a member of the Board of Review. (Mike D. Martin)