OFFICERS Under 51 O.S. 6 [51-6] (1971), a city councilman who is hired to work as a deputy sheriff vacates ipso facto the office of city councilman upon assuming the duties of deputy sheriff. The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "Can a City Council member be hired to work as a Deputy Sheriff for the County?" Though your question arises from a situation in Garvin County, this opinion should be read to have general application. Title 51 O.S. 6 [51-6] (1971) contains the primary statutory prohibition against dual office holding and provides as follows: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of this State . . . ." In prior Attorney General opinions, this statutory prohibition has been interpreted to mean that, unless the Oklahoma Legislature provides to the contrary, no person who holds a state, county, municipal or other position, which as a matter of fact and law, constitutes an "office" as contemplated by the statutes or any deputy of such office, may occupy another such "office" or be the deputy of said office. Therefore, your question may be answered by a determination of whether the positions of city councilman and deputy sheriff constitute an "officer" or deputy of said office within the meaning and contemplation of 51 O.S. 6 [51-6] (1971). The case of State v. Sowards, Okl. Cr., 82 P.2d 324 (1938), sets forth the guidelines and defines the terms "public office" and "public officer" as follows: "A public office is the right, authority, and duty created and conferred by law, by which for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of government, to be exercised by and for the benefit of the public. The individual so invested is a public officer. "A public officer, as distinguished from an employee, is one whose duties are in their nature, public, that is, involving in their performance the exercise of some portion of the sovereign power whether great or small, and in the performance of which the public is concerned. Where an employment is a continuing one, which is defined by rules prescribed by law and not by contract, such a charge or employment is an office, and the person who performs it is an officer." Based upon the above definition it should be obvious that a city councilman is a public officer as contemplated by 51 O.S. 6 [51-6] (1971), particularly in light of the prior opinions of this office which have found that said statute applies to all public officers and not merely those holding state offices as such. See Attorney General Opinion No. 77-180. In Attorney General Opinion No. 63-449, dated September 27, 1963, the question was asked whether an undersheriff in a county could accept employment as a city marshal in a town located in the same county. The Attorney General answered the question in the negative as it was a violation of Section 6. In 7 Okl.Op.A.G. 24 (Opinion No. 74-118), it was held that a deputy sheriff was an "officer" within the meaning of the statute, and therefore could not hold employment as a municipal judge which is likewise an "officer" under the law of this state. In Gibson v. Crowder, 165 P.2d 628
(1946), the Court held that violations of the prohibition against dual office holding contained in 51 O.S. 6 [51-6] (1971), operate ipso facto to vacate the duties of the office first held once the duties of the second office are assumed. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Under 51 O.S. 6 [51-6] (1971) a city councilman who is hired to work as a deputy sheriff vacates ipso facto the office of city councilman upon assuming the duties of deputy sheriff. (JOHNNY J. AKINS) (ksg) ** SEE: OPINION NO. 89-071 (1989) **