This will acknowledge your request for an official opinion of the Attorney General, wherein you submit the following question: May a mayor of an aldermanic form of city government also serve as superintendent of a city owned utility under Oklahoma law, specifically 51 O.S. 6 [51-6] (1971) (Ed. Note: Dual Office Holding) and 11 O.S. 8-106 [11-8-106] (1979)? Title 51 O.S. 6 [51-6] (1971) is a general prohibition against dual office holding: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. Provided, that the provisions of this Section will not apply to notaries public and members of the Textbook Commission." Where a public officer accepts another position that may be public employment but not a second "public office", this statute is not violated. Lizar v. State, 82 Okl.Cr. 56, 166 P.2d 119
(1946). If, on the other hand, the second position is a "public office", the statute is violated, and acceptance of the second position operates ipso facto to vacate the first office. Gibson v. Crowder, 196 Okl. 406, 165 P.2d 628
(1946). A mayor of a city without doubt holds "public office" within the meaning of this statute. Whether the position of superintendent of a city owned utility is a public office or a position of public employment is a question of fact; and, as such, it cannot be answered as a matter of law. State v. Sowards, 64 Okl.Cr. 430, 82 P.2d 324
(1938), sets forth helpful guidelines for determining whether a given position is a public office or employment: "A public office is the right, authority, and duty created and conferred by law, by which for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of government, to be exercised by and for the benefit of the public. The individual so invested is a public officer. "A public officer, as distinguished from an employee, is one whose duties are in their nature, public, that is, involving in their performance the exercise of some portion of the sovereign power whether great or small, and in the performance of which the public is concerned. Where an employment is a continuing one, which is defined by rules prescribed by law and not by contract, such a charge or employment is an office, and the person who performs it is an officer." Title 11 O.S. 8-106 [11-8-106] (1979), provides in pertinent part: ". . . Except as otherwise provided by law or ordinance, the same person may hold more than one office or position in a municipal government as the governing body may ordain." Section 11 O.S. 8-106 [11-8-106] permits dual office holding by municipal officials, "as the governing body may ordain." This is consistent with 51 O.S. 6 [51-6] (1971), since that statute is prefaced with an exception, "Except as may be otherwise provided . . . .". Section 11 O.S. 8-106 [11-8-106] otherwise provides." Therefore, a mayor of an aldermanic city could sit as superintendent of a city owned utility, even if both were public offices, provided the governing body has given its sanction and approval to the arrangement. The governing body of an aldermanic form of city government is provided for in 11 O.S. 9-102 [11-9-102] (1979): "The governing body of a statutory aldermanic city shall consist of the mayor, who is elected at large, and one (1) or two (2) council members from each ward of the city." The mayor presides at meetings of the council; he is not a member of the council for quorum or voting purposes, except he may vote when the council is equally divided. 11 O.S. 9-104 [11-9-104] (1979). The mayor may veto ordinances or resolutions passed by the council. 11 O.S. 9-106 [11-9-106] (1979). It is, therefore, the official opinion of the Attorney General that in aldermanic city governments, where the governing body has not formally authorized the mayor to serve in a dual capacity as superintendent of a city owned utility, whether such service violates the restrictions contained in 51 O.S. 6 [51-6] (197) against dual office holding is a question of fact, depending upon the nature of the duties of such superintendent and whether they constitute the position one of public office, or one of public employment. (Floyd W. Taylor)