Dear Senator Martin,
¶ 0 This office has received your letter requesting an official Attorney General Opinion addressing, in effect, the following question:
Is it a conflict of interest for a chief of a municipalvolunteer fire department to serve simultaneously as a member ofthe local school board?
¶ 1 While you have presented a question involving a conflict of interest, it appears that this arrangement would be prohibited by the dual office holding prohibition found in Title 51 which provides, in part, as follows:
 Except as may be otherwise provided, no person holding an office under the laws of the state and no deputy of any officer so holding any office shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of this state.
51 O.S. Supp. 1996, § 6[51-6](A).
¶ 2 The test for determining whether a position is an office for purposes of this section is set forth in Oklahoma City v.Century Indemnity Co., 62 P.2d 94 (Okla. 1936). In that case, the Oklahoma Supreme Court stated:
 Many authorities hold that the chief elements of a public office are: (a) The specific position must be created or authorized by law; (b) there must be certain definite duties imposed by law on the incumbent; and (c) they must involve the exercise of some portion of the sovereign power, "a position which has these three elements is presumably an `office,' while one which lacks any of them is a mere `employment.'"
Id. at 97 (citations omitted).
¶ 3 The Oklahoma Supreme Court, in applying this three-part test, determined that school board members are officers. SeeGibson v. Crowder, 165 P.2d 628 (Okla. 1946). As such, the remaining question is whether a municipal volunteer fire chief is also an officer for purposes of 51 O.S. Supp. 1996, § 6[51-6].
Applying this same three-part test to the volunteer municipal fire chief position yields the same result — it is an office for the purpose of the dual office holding prohibition. See A.G. Opin. 84-102. Because no exceptions to the general dual office holding prohibition apply, an individual may not hold both positions simultaneously.
¶ 4 It is, therefore, the official Opinion of the AttorneyGeneral that:
The dual office prohibition of 51 O.S. Supp. 1996, § 6[51-6]prohibits an individual from serving as both a chief of amunicipal volunteer fire department and a member of a localschool board.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JUDY A. TERRY ASSISTANT ATTORNEY GENERAL